FRANK B. DOW, petitioner, *vs.* JAMES B. CASEY.

FISHER H. PEARSON, petitioner, *vs.* SAME.

LAFOREST BEALS, petitioner, *vs.* SAME.

FRANK B. DOW *vs.* SAME.

FISHER H. PEARSON *vs.* SAME.

LAFOREST BEALS *vs.* SAME.

Middlesex.    November 23, 1906. — January 8, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Superior Court.   Municipal Corporations.   Practice, Civil,* Exceptions.   *Words,*
"Appeal," "Civil cause."

In the provisions of R. L. c. 100, § 4, that a member of a licensing board of a city,
if removed by the mayor, may apply to the Superior Court for a review of the
charges, of the evidence submitted thereunder and of the findings thereon by
the mayor, that "the court, after a hearing, shall affirm or revoke the order of
the mayor removing such commissioner, and there shall be no appeal from his
decision," the word "appeal" is used in a general sense which includes all
proceedings for a revision by a higher court, and there is no right of excep-
tion to the rulings of the judge, whose decision is final.

Whether a proceeding against a public officer for his removal from office on charges
of misconduct is a "civil cause" within the meaning of R. L. c. 173, § 106, giv-
ing a right to take exceptions, *quaere.*

KNOWLTON, C. J.    These six cases all present the same ques-
tions.    The first three are petitions to prove exceptions, and
each of the last three is an appeal from an order of the Superior
Court affirming an order of the mayor of Lowell removing the
applicant for a review from his office as a member of the board
of police of the city of Lowell, which order of the Superior Court
includes an order disallowing exceptions taken by the applicant.
The three applicants, after a hearing, were removed by the
mayor from their respective offices as members of the police
board of Lowell.*    Each of them then filed in the Superior
Court, under R. L. c. 100, § 4, an application for a review of

* By St. 1895, c. 187, the name of the license commission of Lowell was
changed to "the board of police of the city of Lowell."   The commissioners
were given control of the police force, and were to remain in continuous
service without reference to the vote of the city on the question of granting
licenses for the sale of intoxicating liquors.

the charges against him, the evidence submitted thereunder, and the findings thereon by the mayor.

At the hearing in the Superior Court on these applications each of the applicants requested certain rulings, and took an exception to the refusal of the judge to give them. The fundamental question is whether this refusal was a subject for an exception, and whether the order affirming the order of the mayor and disallowing the exceptions may be appealed from to this court.

The section of the statute just referred to provides for the removal of license commissioners by the mayor for cause, " after charges preferred, reasonable notice thereof, and a hearing thereon ; and the mayor shall, in the order of removal, state his reasons therefor." The record shows that a full hearing, occupying many days, was had before the mayor, after general charges had been preferred against the commissioners, of which they had notice in writing, and that they were personally present, and were represented by able counsel at the hearing. The mayor, in connection with his order for a removal, stated his reasons therefor in writing. No objection was made at the hearing in regard to the form of the charges, their sufficiency, or the notice of the hearing upon them. The requests for rulings at the hearing in the Superior Court all relate to the preferring of charges, their sufficiency, the notices given to the license commissioners, and the legality of the hearing upon such charges with such notices. The judge of the Superior Court made full findings of fact in regard to the matters covered by the requests.

The section of the statute referred to above closes with these words: " The court, after a hearing, shall affirm or revoke the order of the mayor removing such commissioner, and there shall be no appeal from his decision." The question is whether this language makes the decision of the Superior Court final on all matters of law and of fact, or whether it leaves open to either party a right to take exceptions on questions of law, and to carry these questions to the Supreme Judicial Court.

We are of opinion that the decision of the Superior Court is final. It is only a commissioner who has been ordered removed that can apply to the Superior Court for a review. Persons pre-

ferring charges are bound by an adverse decision of the mayor. It is only upon the concurrence of the Superior Court with the order of the mayor that there can be a removal of one who has applied to the Superior Court for a review. It is questionable whether a proceeding against a public officer for his removal from office upon charges of misconduct is a " civil cause " within the meaning of the words in R. L. c. 173, § 106, giving a right to take exceptions. But even if it is, we are of opinion that R. L. c. 100, § 4, deprives both parties of the right to except by making the decision of the Superior Court final. We think the word " appeal " is used in a broad general sense, so as to cover all proceedings for a revision by a higher court. In that view of the section the applicant is not aggrieved by any ruling of the Superior Court, because such ruling is binding upon him.

There are important reasons why the right of removal of such a public officer for cause should be vested in some magistrate or tribunal whose decision shall be effective without the delays often incident to appeals and proceedings by exceptions. It would. be unfortunate if an officer who had twice been found guilty of official misconduct requiring his removal, once by the mayor and again by the Superior Court, should be able to prevent effectual action by exceptions which might cause long delay. It would be unfortunate if, after the Superior Court had found that the charges were not sustained, the persons preferring them could keep the matter open and the commissioner under attack by taking exceptions. It was to prevent delays in such cases that the legislative provision was made. The prohibition of an appeal includes a prohibition of an application for a revision of the decision upon a bill of exceptions.

The result is that in each of the first three cases the petition is dismissed, and in each of the last three the appeal is dismissed.

*So ordered.*

*N. D. Pratt*, (*J. J. Devine & R. J. Crowley* with him,) for Dow.

*G. W. Pearson*, for Fisher H. Pearson.

*J. C. Burke*, for Beals.

*J. G. Hill*, for the respondent.