RODOLPHUS A. SWAN vs. JUSTICES OF THE SUPERIOR COURT, MAYOR OF NEW BEDFORD, intervenor.

CHARLES S. BAYLIES vs. SAME.

Bristol.   October 26, 1915. — February 9, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Certiorari. Supreme Judicial Court. Practice, Civil,* Memorandum of decision. *Licensing Board. Words,* "Appeal," "Review."

The appropriate function of the writ of certiorari is to relieve aggrieved parties from the injustice arising from errors of law committed in proceedings affecting their justiciable rights when no other means of relief are open; and R. L. c. 156, § 3, gives the Supreme Judicial Court "general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided."

The provision of R. L. c. 100, § 4, as amended by St. 1912, c. 389, that there shall be no appeal from the decision of a judge of the Superior Court, upon a review of the charges made by the mayor of a city in removing a member of the licensing board of the city, affirming or revoking the order of the mayor removing such commissioner, does not take away the right of a removed license commissioner to maintain a petition for a writ of certiorari to correct errors of law alleged to be apparent on the record of the Superior Court in such proceeding.

On a petition for a writ of certiorari to review a decision of a judge of the Superior Court under R. L. c. 100, § 4, as amended by St. 1912, c. 389, affirming an order of a mayor of a city removing a member of the licensing board of the city, where a paper entitled a "Memorandum" was filed by the judge stating the legal principles adopted by him for his own guidance and his findings of fact, a copy of which is included in the respondents' return to the petition, the rulings of law made by the judge as thus set forth are a part of the record and are to be considered upon the question of granting the writ.

A writ of certiorari will be granted in the sound discretion of the court only to correct errors of substance where it is apparent that manifest injustice has been done in relation to a substantial right of the petitioner.

Upon the hearing by a judge of the Superior Court under R. L. c. 100, § 4, as amended by St. 1912, c. 389, of an application for "a review of the charges" made by the mayor of a city against a member of the licensing board of the city in ordering his removal, the judge adopted for his guidance the following rule, which it appeared was the rule universally adopted in such cases by the judges of that court: "The court must, therefore, consider the questions here involved, bearing in mind that the finding of the mayor as to facts must stand if supported by reasonable evidence, and that it is not sufficient to overthrow such finding that the court might feel that a consideration of the evidence uncontrolled by the finding might lead to a different result." *Held,* that the proceeding in the Superior Court was made by the statute a review and not an appeal, and that in

such a proceeding the rule, that the finding of the mayor as to facts must stand if supported by reasonable evidence, was correct.

On a petition for a writ of certiorari to review a decision of a judge of the Superior Court under R. L. c. 100, § 4, as amended by St. 1912, c. 389, affirming an order of a mayor of a city removing a member of the licensing board of the city, where it appears that on a charge against the removed commissioner, which was upheld by the judge, a further specification ought to have been given before the hearing by the mayor, but this omission was made immaterial by the fact that full opportunity was afforded to meet the charge after the evidence in support of it had been heard, there was *held* to be no occasion to quash the proceedings for this reason.

In the same case it was *said*, that such a hearing before a mayor need not be conducted according to procedure in the courts if substantial justice is done.

RUGG, C. J. These are petitions for writs of certiorari directed to the justices of the Superior Court to correct errors of law alleged to be apparent upon its records in proceedings under R. L. c. 100, § 4, as amended by St. 1912, c. 389,* relating to the review of removals of the petitioners as license commissioners of the city of New Bedford by the intervenor, Edward R. Hathaway, as mayor of that city.†

It is contended that the writ of certiorari does not lie. That contention is based upon the sentence in the statute to the effect that "there shall be no appeal from his [the Superior Court judge's]

---

* The provisions of the statutes here material are: "They [the members of the licensing board] may be removed by the mayor for cause, after charges preferred, reasonable notice thereof, and a hearing thereon; and the mayor shall, in the order of removal, state his reasons therefor. Any member of said board may, within seven days after notice of his removal, apply to the Superior Court for a review of the charges, of the evidence submitted thereunder, and of the findings thereon by the mayor. Notice of the entry of such application shall be given to the mayor by serving upon him an attested copy thereof. The entry fee, costs, and all proceedings upon such application shall be according to the rules regulating the trial of civil causes. The court, after a hearing, shall affirm or revoke the order of the mayor removing such commissioner, and there shall be no appeal from his decision. In case any member of said board who has been removed from office shall apply to the Superior Court for the review provided for in this section, the removal shall not take effect until the court shall have affirmed the order removing the member; and until such affirmation the member shall continue to exercise the powers and perform the duties of his office."

† The case was heard by *Braley*, J., who found the allegations of fact in the pleadings to be true, and reported the case for determination by the full court, "it being understood that the writs are not to be denied merely on the ground of discretion."

decision." Doubtless "the word 'appeal' is used in a broad general sense," so as to cover all the ordinary proceedings for a revision by this court. *Dow* v. *Casey*, 194 Mass. 48, 50. But the writ of certiorari is of extraordinary nature. It is one of the ancient prerogative writs, whose history stretches far back toward the beginnings of the common law. Its common purpose is the beneficent one of enabling a party who has no remedy by appeal, exception, or other mode of correcting errors of law committed against his rights in a proceeding judicial or *quasi* judicial, to bring the true record, properly extended so as to show the principles of the decision, before a higher court for examination as to material mistakes of law. Its appropriate function is to relieve aggrieved parties from the injustice arising from errors of law committed in proceedings affecting their justiciable rights when no other means of relief are open. It always has been recognized as a highly remedial salutary procedure, founded upon a sense of justice, to relieve against wrongs otherwise irremediable. That wrongs go unredressed because of a want of adequate methods would be a grave reproach to any system of jurisprudence. The writ of certiorari not only exists as a part of the common law, but it has been sedulously preserved by express statutes, which confer upon the Supreme Judicial Court a broad jurisdiction and superintendence of all courts of inferior jurisdiction "to correct and prevent errors and abuses therein if no other remedy is expressly provided." R. L. c. 156, § 3; c. 192, § 4.

It would require words unmistakable in import to express a legislative purpose to deprive parties to any appropriate proceeding from the shelter of this writ. The phrase of the instant statute falls far short of expressing that purpose. It simply indicates that there is to be no appeal in the sense in which that word is used in ordinary legal and equitable procedure, and that the removal of such an officer, which is in large part an administrative measure, is not to be stayed in its effect by the delays necessarily incident to the usual prosecutions of exceptions or appeals. But it does not disclose a purpose to prevent the exercise of the extraordinary power of this court to rectify errors which are so fundamental in character as to warrant the invocation of the writ of certiorari. The trend of legislation has been to broaden the powers of this court as to that writ rather than to narrow

them. See St. 1902, c. 544, § 27; *Boston & Lowell Railroad* v. *County Commissioners*, 198 Mass. 584, 589. A provision that records as made or amended by a revising board "shall stand as the true records" has been held not to interfere with the exercise of the supervisory power of this court. *Flanders* v. *Roberts*, 182 Mass. 524, 527. There is nothing in *Dow* v. *Casey*, 194 Mass. 48, at essential variance with this conclusion. That decision had to do with a contention that exceptions could be prosecuted in proceedings under this statute as in the ordinary action at law. The general statement in that opinion, that the word "appeal" includes "all proceedings for a revision by a higher court," was used with reference to the facts then before the court, is to be interpreted in connection with that case and is not to be construed as announcing a proposition of universal application. Every opinion must be read in the light of the facts then presented. Statements of rules as applicable to that case cannot be taken out of their context and stretched to different circumstances not before the mind of the court. *Cawley* v. *Jean*, 218 Mass. 263, 270. *Carroll* v. *Carroll*, 16 How. 275, 286. *Pollock* v. *Farmers' Loan & Trust Co.* 157 U. S. 429, 574. *Quinn* v. *Leathem*, [1901] A. C. 495, 506. The reason for this rule is plain. As was said by Chief Justice Marshall in *Cohens* v. *Virginia*, 6 Wheat. 264, 399, "The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated."

The clause in the governing statute, that "there shall be no appeal" from the decision of the judge of the Superior Court, does not prohibit an aggrieved party from invoking the writ of certiorari in appropriate instances.

In a proceeding at common law a written statement filed by the judge as to the grounds of his ruling is no part of the record. *Standish* v. *Old Colony Railroad*, 129 Mass. 158. *Cressey* v. *Cressey*, 213 Mass. 191. *Cohen* v. *Berkowitz*, 215 Mass. 68, 71. But as was said by Gray, C. J., in *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206, at pages 213, 214, "If a question of law is raised at the hearing before an inferior court, whose proceedings are not according to the course of the

common law and not the subject of appeal or exception, it is proper to state on the record the facts proved and the ruling in matter of law upon them. *Commonwealth* v. *Walker,* 4 Mass. 556, 558. And, if this is not done, the inferior tribunal may be required by this court to certify, together with its record, a statement of the ruling made upon the point set out in the petition for a certiorari. *Mendon* v. *County Commissioners,* 2 Allen, 463." The present is a case where, if the grounds of decision or rulings of law are not set out by the court, they might be required to be properly extended and certified. *Ward* v. *Aldermen of Newton,* 181 Mass. 432. The paper filed by the judge of the Superior Court * and entitled "Memorandum" consisted in truth of the legal principles adopted by the judge for his own guidance and his findings of fact. This not being an action at law but a special statutory proceeding of a nature peculiar to itself, the rulings of law as made by the judge, when included in the return made to the petition for the writ of certiorari, are a part of the record and are to be considered.

The only matter before the court on this petition is the correction of substantial errors of law apparent on the record. Findings of fact are not open to revision. *Hogan* v. *Collins,* 183 Mass. 43, 46. *Dunn* v. *Mayor of Taunton,* 200 Mass. 252, 258. The issuance of the writ is not a matter of right. It is addressed to sound judicial discretion. It is not granted because of technical errors, nor unless it is apparent that manifest injustice has been done to a person in respect to his substantial rights. *Sears* v. *Mayor & Aldermen of Worcester,* 180 Mass. 288. That principle is especially applicable to cases like this.

The rule of law adopted by the judge for his guidance was stated by him in these words: "The court must therefore consider the questions here involved, bearing in mind that the finding of the mayor as to facts must stand if supported by reasonable evidence, and that it is not sufficient to overthrow such finding that the court might feel that a consideration of the evidence uncontrolled by the finding might lead to a different result."

This was not an adoption of the rule as to decisions or verdicts in actions at law which stand unless unsupported by evidence.

* *Jenney,* J.

*Bailey* v. *Marden*, 193 Mass. 277.   *Niland* v. *Boston Elevated Railway*, 208 Mass. 476.   *Hepner* v. *United States*, 213 U. S. 103, 112. It is a close approach to the rule prevalent in equity cases where a commissioner has taken the oral evidence and there is an appeal from a final decree.   Such appeal brings up questions of fact as well as of law.   The rule there is that it is the duty of this court to examine the evidence and decide the case according to its judgment, giving due weight to the finding of the judge.   Yet his decision will not be reversed if warranted by any reasonable view of the evidence, nor unless plainly wrong.   *Brown* v. *Brown*, 174 Mass. 197.   *Montgomery* v. *Pickering*, 116 Mass. 227, 230.   *Colbert* v. *Moore*, 185 Mass. 227.   *Dickinson* v. *Todd*, 172 Mass. 183. *Lindsey* v. *Bird*, 193 Mass. 200.   Yet the rule adopted by the Superior Court judge is slightly more extensive than this rule. The finding must appear to be supported by reasonable evidence, which is a little more than to say that it shall stand unless plainly wrong.

It appears, from a review in the "Memorandum" of the Superior Court of all the numerous cases which have arisen in the Superior Court since the enactment of the governing statute, that this is the rule universally followed by the judges of that court.   Since the decision of some of these cases there has been a general revision of the statutes, but the clause now to be construed has remained substantially unchanged.   The understanding and application of statutory words through years of practice by those charged with heavy official responsibility to interpret them aright, sanctioned by the acquiescence of the Legislature, is persuasive, although not conclusive, as to their correct meaning.   *Burrage* v. *County of Bristol*, 210 Mass. 299, and cases there collected.   See *La Roque* v. *United States*, 239 U. S. 62, 64.

The ruling now under consideration is the sound view as to the meaning of the statutory words.   "A review of the charges" signifies in its broad sense an examination of the specifications of misconduct which constitute the cause or causes on which the hearing was had, to see whether they are stated fairly, in a common sense way, though not necessarily with technical accuracy. A review of "the evidence submitted thereunder" manifests a purpose that there shall be no new witnesses heard but simply

that the evidence on which the mayor based his findings shall be re-examined. A review "of the findings" imports an examination of the conclusions reached by the mayor both as to facts, law and the resultant decision. The court is required to act without seeing the witnesses, an advantage possessed by the mayor. Some weight due to this circumstance inevitably must attach to the findings of that official. It is not enough to warrant a reversal that on the record of the evidence alone, without giving any consideration to the finding of the mayor, the judge might feel like reaching a different result. It is a "review," not an appeal, which the statute provides. The distinction between the two is wide. Appeal implies an entire rehearing, while review indicates simply a re-examination of proceedings already had. The removal of an officer for cause is an act partaking both of executive and judicial faculties. *Driscoll* v. *Mayor of Somerville,* 213 Mass. 493. It therefore is reasonable to provide for a review rather than an appeal. But, if it be thought that this leaves too much to the prejudice and bias of an executive officer, who himself may have preferred the charges, that is a legislative rather than a judicial question. There is nothing inconsistent with this conclusion in *Dow* v. *Casey,* 194 Mass. 48, in *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1, 5, or in *Gardner* v. *Lowell,* 221 Mass. 150, 154.

The refusal to rule that the hearing before the mayor was unfair does not warrant the issuance of the writ. The judge carefully analyzed the charges and the evidence applicable to them. He upheld only one charge against Bailey and two against Swan. As to the one which was upheld, a further specification ought to have been given before the hearing. But as full opportunity was afforded to meet the charge after the evidence to support that charge had been adduced, there is no occasion to quash the proceeding. The hearing before the mayor need not be according to procedure in the courts, provided substantial justice is done.

The formulation of charges too general to warrant a removal, or requiring the hearing to proceed upon them so far as shown on the record, does not go far enough to show a bias or prejudice sufficient to vitiate the findings upon the charges which were sustained by the judge. The

finding upon charge 6 * apparently was based upon ample evidence.

*Petition dismissed with costs.*

*J. W. Cummings,* (*C. R. Cummings* with him,) for the petitioners.

*H. E. Woodward,* (*R. L. Theller* with him,) for the intervenor.

---

* Charge 6 alleged that the removed commissioners failed to compel innholders to conduct their business legally and, having knowledge that such business was conducted in an illegal manner, granted new licenses to such innholders.