COMMISSIONER OF PUBLIC WORKS OF THE CITY OF BOSTON *vs.* JUSTICE OF THE MUNICIPAL COURT OF THE DORCHESTER DISTRICT OF THE CITY OF BOSTON & STORRS L. DURKEE.

SAME *vs.* JUSTICE OF THE MUNICIPAL COURT OF THE DORCHESTER DISTRICT OF THE CITY OF BOSTON & FRANK A. McINNESS.

SAME *vs.* JUSTICE OF THE MUNICIPAL COURT OF THE DORCHESTER DISTRICT OF THE CITY OF BOSTON & BLISS W. ROBINSON.

Suffolk. March 13, 1917. — July 3, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Civil Service. Certiorari. Words,* "Final and conclusive."

The provision of St. 1911, c. 624, § 1, as amended by St. 1915, c. 251, that, on a petition of a person holding an office classified under the civil service rules of the Commonwealth to the police, district or municipal court within the judicial district where such person resides for review of the action of an officer or board in removing the petitioner, "The decision of the justice of said police, district or municipal court shall be final and conclusive upon the parties," means that the justice's findings of fact shall be final and binding on the parties, but it does not leave the parties without remedy if there are essential errors of law apparent on the record of the proceedings depriving such a party of substantial rights, and a person so aggrieved may maintain a petition for a writ of certiorari to quash such erroneous proceedings.

Petitions for writs of certiorari were brought by the commissioner of public works of the city of Boston against a justice of the Municipal Court of the Dorchester District of that city to quash orders made by that judge upon reviews under

St. 1911, c. 624, § 1, as amended by St. 1915, c. 251, reversing orders made by the petitioner abolishing the office of supervisor of permits of the public works department and the offices of division engineer and superintendent of main drainage of the sewer and water service of the public works department, on the ground that the orders abolishing the offices were made in bad faith as an attempted evasion of the requirements of the civil service statutes. The returns of the respondents to the petitions set forth sufficient facts to warrant the finding of the judge of the municipal court that the orders of the petitioner abolishing the offices were not made in good faith. *Held,* that the decision of the judge that the orders of removal were made without proper cause and in bad faith showed no error of law and was not reviewable on a writ of certiorari.

In the case described above, it was *pointed out* that the decision of this court upon the record presented was not to be taken as an intimation that either the petition or the return was correct in form, both of them containing defects to which no objection had been raised.

THREE PETITIONS, filed on December 23, 1916, by the commissioner of public works of the city of Boston, for a writ of certiorari to quash orders made by the respondent justice of the Municipal Court of the Dorchester District of the city of Boston under St. 1911, c. 624, § 1, as amended by St. 1915, c. 251, reversing certain orders made by the petitioner and reinstating the other respondents respectively as supervisor of permits, division engineer of the sewer and water service and superintendent of main drainage, all of the public works department.

The three cases were heard together by *Braley,* J., who made a memorandum of decision containing the findings of fact that are stated in the opinion. The answer of the respondent justice "contained a full and complete record of the doings of the Dorchester court, including a complete typewritten copy of all the evidence."

The single justice refused to rule at the request of the respondents that under St. 1911, c. 624, § 1, as amended by St. 1915, c. 251, the decision of the respondent justice of the Dorchester court was "final and conclusive upon the parties" and that the petitions could not be maintained.

The petitioner asked the single justice to rule that as a matter of law the writ should issue in each of the cases. The single justice refused to make this ruling. He found "that, while there may have been some evidence admitted which at the trial of an action at law would have been excluded, yet the material findings of fact appearing in the answer are supported by competent evidence. Nor does it appear that the [Dorchester] court adopted

any wrong standard of decision or that substantial justice has not been done."

The single justice ordered that in each of the cases the petition be dismissed; and the petitioner alleged exceptions.

St. 1911, c. 624, § 1, as amended by St. 1915, c. 251, is as follows: "Every person now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth, except members of the police department of the city of Boston, of the police department of the metropolitan park commission, and except members of the district police, whether appointed for a definite or stated term, or otherwise, who is removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other, may, after a public hearing, as provided for by section two of chapter three hundred and fourteen of the acts of the year nineteen hundred and four, as amended by chapter two hundred and forty-three of the acts of the year nineteen hundred and five, and within thirty days after such hearing, bring a petition in the police, district or municipal court within the judicial district where such person resides, addressed to the justice of the court and praying that the action of the officer or board in removing, suspending, lowering or transferring him may be reviewed by the court, and after such notice to such officer or board as the court may think necessary, it shall review the action of said officer or board, and hear any witnesses, and shall affirm said order unless it shall appear that said order was made by said officer or board without proper cause or in bad faith, in which case said order shall be reversed and the petitioner be reinstated in his office. The decision of the justice of said police, district or municipal court shall be final and conclusive upon the parties."

*J. P. Lyons*, for the petitioner.

*A. D. Hill*, (*R. H. Wiswall* with him,) for the respondents.

CARROLL, J. The petitioner is the commissioner of public works of the city of Boston. Acting under the revised ordinances of the city, 1914, c. 28, he attempted to abolish the office of supervisor of permits of the public works department, which office was occupied by Storrs L. Durkee; the office of division engineer of the sewer and water service of the public works department, occupied by Frank A. McInnes, and the office of super-

intendent of main drainage of that department, occupied by Bliss W. Robinson, each of whom was entitled to such protection as the civil service laws of the Commonwealth afforded.

Thereupon Durkee, McInnes and Robinson, acting under St. 1911, c. 624, § 1, as amended by St. 1915, c. 251, petitioned the Municipal Court of Dorchester District, being a "police, district or municipal court within the judicial district" where they resided, asking that the action of the commissioner be reviewed. Due notice was given and after hearing the witnesses and arguments of counsel, the respondent court reviewed the action of the commissioner and decided in each case that the order be reversed and the petitioner reinstated in his office. The commissioner then brought these petitions asking that a writ of certiorari issue quashing the order of reinstatement, that the judgment be reversed and the petitions dismissed. To the refusal of the single justice to rule that as matter of law a writ should issue, the commissioner, who is the petitioner for this writ, excepted.

It is contended by the respondents that a writ of certiorari will not lie to review the decision of a judge of the police, district or municipal court in a case arising under St. 1915, c. 251, in the absence of fraud or jurisdictional defect, this statute providing that "The decision of the justice of said police, district or municipal court shall be final and conclusive upon the parties."

The fact that the decision of the judge is final and conclusive does not deprive the parties of the right to have errors of law corrected by writ of certiorari. In *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, it was decided that, notwithstanding the language of the statute then under consideration, "there shall be no appeal from his [the Superior Court judge's] decision," certiorari would lie to correct material errors of law, and it was there stated that "the word 'appeal' is used in a broad general sense, so as to cover all the ordinary proceedings for a revision by this court" p. 544. By declaring that the decision of the judge of the police, district or municipal court should be final and conclusive, the Legislature meant, in effect the same, as it did when it declared that the decision of a judge of the Superior Court should not be appealed from, for, where there is no appeal, ordinarily the finding stands and is final and

conclusive. The Legislature did not intend by the words "final and conclusive" to leave the parties without remedy if there were essential errors of law apparent on the record of proceedings, depriving them of substantial rights. The purpose of the Legislature was to make the judge's findings of fact final and binding on the parties. It was not its intention to prevent them from seeking the protection of this extraordinary writ if their rights were illegally invaded. *Swan* v. *Justices of the Superior Court, supra,* and cases cited.

The petitioner notified Durkee, Robinson and McInnes that their positions were abolished. It is not questioned that he has the right to do away with an unnecessary position, but as expressed in *Garvey* v. *Lowell,* 199 Mass. 47, 50, "There is a real and fundamental distinction between the laudable abolition of an unnecessary position and the discharge of a faithful employee in violation of the rights secured to him by statute; and the latter action can neither be concealed nor protected by a pretense that it was an exercise of the former right." The determination of the judge of the Municipal Court of the Dorchester District on the question whether Murphy really intended to abolish the positions, or was making this a mere pretence in order to deprive these men of their occupations and the rights given them by the civil service statute, in so far as it was a question of fact is conclusive, and cannot be reviewed by this court.

In a petition for certiorari to set aside the decision of a magistrate who has heard the evidence, the only matters open for our consideration under the statute are questions of law. We cannot set aside his findings of fact. Under the statute he was required to affirm the order of the commissioner "unless it shall appear that said order was made by said officer or board without proper cause or in bad faith." The Legislature has made him the sole judge of these facts and his findings thereon are final and conclusive on all the parties. "A writ of certiorari lies only to correct errors in law, and not to revise a decision of a question of fact upon the evidence introduced at the hearing in the inferior court, or to examine the sufficiency of the evidence to support the finding, unless objection was taken to the evidence for incompetency, so as to raise a legal question." *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 212, 213. *Swan* v. *Jus-*

*tices of the Superior Court, supra. Hogan* v. *Collins,* 183 Mass. 43. "As a general rule the findings of the commissioners upon matters of fact will not be reviewed on certiorari." *Great Barrington* v. *County Commissioners,* 112 Mass. 218, 224.

The return, of the respondents, shows that the abrogation of the positions was not in good faith, but was a mere evasion of the statute. This answer, which is in the nature, not of a mere allegation or statement by the parties, but an official return, is conclusive on all matters of fact and stands as true. It sets forth sufficient facts to support the finding, *Worcester & Nashua Railroad* v. *Railroad Commissioners,* 118 Mass. 561, 564, *Mendon* v. *County Commissioners,* 5 Allen, 13, 16, and the decision, that the orders of removal were made without proper cause, shows no error of law and is not reviewable on certiorari.

There was an unwarrantable latitude both in the petition and in the return in the case at bar, the effect of which has not been argued and need not be decided. The practice was not in accordance with the rules laid down in *Farmington River Water Power Co.* v. *County Commissioners, supra,* and *Ward* v. *Aldermen of Newton,* 181 Mass. 432. See *Tewksbury* v. *County Commissioners,* 117 Mass. 563, 565; *Lowell* v. *County Commissioners,* 146 Mass. 403, 412. The decision on the record presented is not to be taken as an intimation that either the petition or the return was correct in form or substance.

We are unable to find any prejudicial error in the admission of evidence excepted to. *Onset Street Railway* v. *County Commissioners,* 154 Mass. 395, 400. Because the findings of fact of the judge of the Municipal Court of the Dorchester District are conclusive and final, no question of law is before us and the exceptions must be overruled.

*So ordered.*