CAMBRIDGE HOUSING AUTHORITY *vs.* CIVIL SERVICE
COMMISSION & another.[1]

Suffolk.    February 21, 1979. — May 17, 1979.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Civil Service,* Termination of employment.

In an action in the nature of certiorari to secure review of an order
of the Civil Service Commission acting under G. L. c. 31, § 43, direct-
ing reinstatement of an employee of a housing authority, this court
concluded that there was substantial evidence before the commis-
sion's hearing officer to support his findings of fact, which in turn
justified his conclusion that the employee's position had been abol-
ished not for reasons of economy but to remove him from his job.
[588-591]

CIVIL ACTION commenced in the Supreme Judicial
Court for the county of Suffolk on May 2, 1978.

On transfer to the Superior Court, the case was heard
by *Clancy,* J., a District Court judge sitting under statuto-
ry authority.

*Arnold P. Messing (Barbara J. Rouse* with him) for the
plaintiff.

*Henry P. Sorett* for Francis G. White.

*Betty E. Waxman,* Assistant Attorney General, for the
Civil Service Commission.

BROWN, J. The plaintiff, Cambridge Housing Authority
(CHA), brought this action in the nature of certiorari,
pursuant to G. L. c. 249, § 4, as appearing in St. 1973,
c. 1114, § 289, for the purpose of reviewing proceedings
held before the Civil Service Commission (commission).

In April, 1976, CHA's Board of Commissioners (board)
voted to implement a plan of reorganization. This plan

---

[1] Francis G. White.

was submitted to CHA's new executive director, Lewis H. Spence. In May, 1976, purportedly as part of the reorganization plan, the board voted to abolish the position of director of maintenance, then held by Francis G. White. Notice of the proposed abolition was given to White, and a hearing was held by the board. The abolition was approved, and White was notified of the board's action. White then requested a hearing before the commission pursuant to G. L. c. 31, § 43(b), as amended through St. 1975, c. 557, § 1 (see now G. L. c. 31, § 43, as appearing in St. 1978, c. 393, § 11). He alleged the action was not justified and was taken in bad faith. A hearing was held before a designated disinterested person (a hearing officer), see G. L. c. 31, § 43[b], who summarized the testimony, made findings of fact, and recommended that the commission reverse the board's action and that White be reinstated in his position. In October, 1977, the commission apparently adopted the findings of the hearing officer and voted (by a vote of 3-2) to reverse the board's action. The commission ordered that White be reinstated "without loss of compensation or other rights." Pursuant to G. L. c. 249, § 4, the board filed a complaint in the Supreme Judicial Court seeking relief in the nature of certiorari. The case was transferred to the Superior Court. After a hearing a District Court judge sitting under statutory authority issued an order affirming the action of the commission. The board is now appealing from the ensuing judgment. There was no reversible error.

The relief sought in an action in the nature of certiorari is "to correct substantial errors of law apparent on the record adversely affecting material rights." *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 369 Mass. 84, 90 (1975), quoting from *Sullivan* v. *Committee on Rules of the House of Representatives,* 331 Mass. 135, 139 (1954). See *Swan* v. *Superior Court,* 222 Mass. 542, 546 (1916). As the facts found by the commission are final and conclusive, they cannot be reviewed or set aside by us. *Id. Commissioner of Pub. Works* v. *Municipal Court*

*of the Dorchester Dist.*, 228 Mass. 12, 16 (1917). *Tracht* v.
*County Commrs. of Worcester*, 318 Mass. 681, 686 (1945).
See *Selectmen of Wakefield* v. *First Dist. Court of E. Mid-
dlesex*, 262 Mass. 477, 480 (1928). See also *Selectmen of
Framingham* v. *Civil Serv. Commn.*, 366 Mass. 547, 552
(1974). Thus, in these circumstances the issue on review
in this court is simply whether the commission's findings
were supported by substantial evidence on the record as
a whole. See *Bunte* v. *Mayor of Boston*, 361 Mass. 71, 74
(1972).

General Laws c. 31, § 43, as in effect prior to St. 1978,
c. 393, § 11, protects persons employed by the Common-
wealth and its subdivisions against removal or the aboli-
tion of their positions "except for just cause." Persons
coming within the protection of G. L. c. 31, § 43(*a*), as
amended through St. 1970, c. 72, § 1, who have their jobs
abolished are entitled to a hearing before a member of the
commission or a disinterested person designated by the
chairman of the commission (G. L. c. 31, § 43[*b*]). The
hearing officer reports his findings to the commission. "If
the commission finds that the action of the appointing
authority [here the board] was justified, such action shall
be affirmed; otherwise it shall be reversed and the person
concerned shall be returned to his office or position with-
out loss of compensation." G. L. c. 31, § 43(*b*). Thus, the
sole question before the commission in reaching its deci-
sion to reverse the action of the board was whether CHA's
action was justified. See *Sullivan* v. *Municipal Court of
Roxbury Dist.*, 322 Mass. 566, 572-573 (1948), and cases
cited. See also *Murray* v. *Municipal Court of the City of
Boston*, 233 Mass. 186, 188-189 (1919); *Mayor of Somer-
ville* v. *District Court of Somerville*, 317 Mass. 106, 121
(1944).

The hearing officer based his recommendations on the
oral testimony presented by both parties. "Findings
based on oral testimony will not be reversed unless plain-
ly wrong." *Mayor of Beverly* v. *First Dist. Court of Essex*,
327 Mass. 56, 61 (1951). See *Selectmen of Dartmouth* v.

*Third Dist. Court of Bristol*, 359 Mass. 400, 403 (1971). We hold that there is no apparent error of law because the findings of the hearing officer, which were adopted by the commission, are supported by substantial evidence. Contrast *School Comm. of Salem* v. *Civil Serv. Commn.*, 348 Mass. 696, 698 (1965).

The board clearly has the right to abolish a position it finds to be unnecessary and uneconomical. Any such abolition, however, must be undertaken in good faith and may not be done "without proper cause" or as a pretext for depriving a person of his job. See *Mayor of Somerville* v. *District Court of Somerville, supra* at 120-123. See also *Commissioner of Pub. Works* v. *Municipal Court of the Dorchester Dist.*, 228 Mass. at 16. "The abolition of an unnecessary position made in good faith plainly is the duty of an executive or administrative officer. One holding such a position, though efficient in the performance of his duties, may be removed simply because the position is no longer necessary, provided the removal is made in good faith, and the recital of that reason is not made the cover for some other unjustifiable motive." *Gardner* v. *Lowell*, 221 Mass. 150, 154 (1915). Although the hearing officer concluded that "the evidence does not establish a quantum of bad faith, which, in itself, is sufficient to invalidate" the board's action, see *Murray* v. *Municipal Court of the City of Boston, supra* at 189, he inferred that after the purported abolition of White's position it "remained [functionally] intact" and that the reorganization was "a mere pretext" to justify the removal of White from his position. Contrast *Murphy* v. *Third Dist. Court of E. Middlesex*, 316 Mass. 663, 667-668 (1944). There was testimony which supported his finding that in the year preceding the purported abolition of White's position, all of his responsibilities as director of maintenance had been transferred to the director of management. Cf. *McNeil* v. *Mayor of Peabody*, 297 Mass. 499, 504 (1937) (mandamus). The hearing officer found that prior to this transfer of duties the position of director of management

had been vacant for a period of eighteen months and had not previously involved any maintenance responsibilities similar to White's. Three project managers and a maintenance foreman employed by the CHA testified that they noticed no significant change in the way they worked with the new director of management as opposed to the way they had related to White when he was the director of maintenance. Moreover, the hearing officer found that "maintenance concerns constitute[d] ninety (90%) percent of the management function" and that it was not contended by the board that the recently filled position of director of management required any special skills or experience which made either White or the incumbent more or less qualified to hold it.

There was also testimony presented to the hearing officer that White had been the acknowledged leader of the white collar workers at the CHA from 1969 until the time his job was abolished. He had been instrumental in organizing a workers' association at the CHA and had held the position of president of the union local for two years. A member of the board of CHA testified that White's job was abolished because of his union activities. The board member also stated that, in his opinion, the abolition was not undertaken as an economy measure.

Our review of the record persuades us that there was sufficient evidence before the hearing officer from which he could properly find that after White's dismissal another employee performed essentially the same combination of duties that White had been performing previously, contrast *Murphy* v. *Third Dist. Court of E. Middlesex*, 316 Mass. at 666, and that White's position had been abolished, not for reasons of economy, but to remove him from his job. "There is a real and fundamental distinction between the laudable abolition of an unnecessary position and the discharge of a faithful employee in violation of the rights secured to him by statute; and the latter can neither be concealed nor protected by a pretense that it was an exercise of the former right." *Garvey* v. *Lowell*,

199 Mass. 47, 50 (1908). "And even if the evidence would have warranted a finding by the [hearing] officer that the removal was for 'proper cause' the removal should be reversed if it appeared affirmatively that it was made 'in bad faith' as would be the case if this cause was a 'mere pretext or device to get rid of' the employee for some other and improper cause." *Mayor of Somerville* v. *District Court of Somerville, supra* at 120. See *Murray* v. *Municipal Court of the City of Boston, supra* at 189.

We conclude that there was ample evidence before the hearing officer to support his findings which in turn justified his conclusion. See *Mayor of Somerville* v. *District Court of Somerville, supra* at 125.

*Judgment affirmed.*