NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-83

ALEXANDER LEVY

vs.

POLICE COMMISSIONER OF BOSTON & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2022, the police commissioner of Boston (commissioner) suspended the plaintiff's license to carry a firearm, deeming him to be an unsuitable person under G. L. c. 140, § 131 (d) and (f), as amended by St. 2018, c. 123, §§ 11, 12, and St. 2022, c. 175, §§ 4-17A.[2]  On the plaintiff's petition for judicial review, a Boston Municipal Court judge (hearing judge) upheld the commissioner's determination after an evidentiary hearing.

---

[1] South Boston Division of the Boston Municipal Court.

[2] A law rewriting many statutes that comprise our firearm licensing scheme went into effect in 2024, after the events in this case.  The suitable person standard is now found in G. L. c. 140, § 121F (k), and G. L. c. 140, § 131 (d), as amended by St. 2024, c. 135, § 49.  Nothing about the restructuring impacts our decision; our references are to the statutes then in effect.

The plaintiff sought further certiorari review under G. L. c. 249, § 4, in the Superior Court.  A Superior Court judge allowed the commissioner's motion for judgment on the pleadings, and judgment entered dismissing the plaintiff's complaint.  The plaintiff appeals.

In an action for judicial review under G. L. c. 140, § 131 (f), a Boston Municipal Court judge "after an evidentiary hearing, may find facts and direct the licensing authority to issue a license if the judge finds that the licensing authority had no reasonable ground for denying the license" (quotation and citation omitted).  Chief of Police of Taunton v. Caras, 95 Mass. App. Ct. 182, 185 (2019) (Caras).  To warrant a finding of "no reasonable ground," the licensing authority's decision must have been arbitrary, capricious, or an abuse of discretion.  Id.  "On certiorari review, the Superior Court's role is to examine the record of the [Boston Municipal] Court and to 'correct substantial errors of law apparent on the record adversely affecting material rights.'"  Firearms Records Bur. v. Simkin, 466 Mass. 168, 180 (2013), quoting Cambridge Hous. Auth. v. Civil Serv. Comm'n, 7 Mass. App. Ct. 586, 587 (1979).  On appeal we apply the same standard of review as the Superior Court judge.  See Caras, supra.

2

We see no substantial error of law on this record. Boston police Lieutenant Timothy Horan testified at the evidentiary hearing that on August 16, 2022, the plaintiff's ex-girlfriend, Jane Doe,[3] reported receiving several text messages from the plaintiff in which he threatened to harm himself. Police responded to the plaintiff's apartment, seized his loaded firearm and additional ammunition, and transported him to a hospital for a psychological evaluation. According to the police report generated from the incident, Jane Doe told the police that the plaintiff sent her the following text messages: "So just forget about me and let me die"; "I killing my word Myself Goodbye forever [Jane Doe]"; "I'm not even going to meet with my boss No I'm not okay I'm going to die soon just go"; "You're craziness I'm gone now!!! Text me all you want Bye"; "Yup Got the note Nothing is wrong I want to go I don't want to feel my heart pounding I don't want to have sleepless nights I don't want to be in pain Deformed"; "Or I'll shoot myself in the face and leave a note that says the only Reason I did this is [Jane Doe]"; and "I'll be dead [Jane Doe] Your choice Your name." On August 17, 2022, the commissioner sent the plaintiff a notice of suspension of his license (written by Horan), citing

---

[3] A pseudonym.

3

the "suicidal statements in several text messages" documented in the police report.

The text messages provided a reasonable ground for the commissioner's decision to suspend the plaintiff's license. As the hearing judge found, and we agree, "[a]ny one of these text messages would[] [have] alerted Horan to the possibility that [the plaintiff] intended self-harm," and "[c]ollectively, the text messages provided reliable and credible information that [the plaintiff] posed a safety risk to himself or quite possibly to [Jane Doe]." Although the plaintiff testified that Jane Doe fabricated the text messages, it was within the hearing judge's discretion not to credit his testimony. See Nichols v. Chief of Police of Natick, 94 Mass. App. Ct. 739, 745 (2019).

We are unpersuaded by the plaintiff's contention that the suspension lacked a reasonable ground because Lieutenant Horan admitted he did not see the text messages themselves and could not confirm whether any of the other officers had seen them. Lieutenant Horan testified that he deemed Jane Doe's report to be credible based on the specific and graphic nature of the text messages. This was not arbitrary, capricious, or an abuse of discretion. See Chief of Police of Worcester v. Holden, 470 Mass. 845, 849, 856 (2015) (chief of police properly relied on

4

details in police report in deciding to suspend plaintiff's license to carry).

The plaintiff also suggests that the suspension must be overturned because the hearing judge improperly considered a separate incident that occurred between the plaintiff and Jane Doe in 2021. But the question is whether there was a reasonable ground supporting the commissioner's decision, not that of the hearing judge. See Caras, 95 Mass. App. Ct. at 185. In any event, while the hearing judge discussed the 2021 incident, his decision makes clear that the text messages alone supported the commissioner's determination that the plaintiff posed a risk to public safety. For the reasons discussed, the hearing judge did not commit a substantial error of law in so concluding. See Nichols, 94 Mass. App. Ct. at 746-747. Cf. Caras, supra at 187 ("District Court judge's belief that the chief should have made a different decision [was] not a legally permissible basis for overturning the chief's unsuitability determination" where that determination was "based on objective evidence reasonably

5

suggesting that the individual would pose a risk to public safety").

Judgment affirmed.

By the Court (Rubin, Shin &
  Singh, JJ.[4]),

Clerk

Entered:  November 26, 2025.

---

[4] The panelists are listed in order of seniority.