### MARY A. LAKING *vs.* LORA A. FRENCH.

Middlesex.　January 13, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Condition*, Default by mistake. *Practice, Civil*, Exceptions.

A judgment, on a writ of entry, of forfeiture for breach of a condition in a deed to pay a certain note overdue when the deed was made, will be stayed, on payment by the tenant of all sums found to be due to the demandant, where it appears, that the default was not wilful, but was due, in part to a mistake as to whether a particular note on which suit was brought was the note described in the condition, and in part to a belief that the breach had been waived by the grantor, to which mistake and belief the acts of the grantor contributed.

Certain rulings held rightly to be refused because irrelevant.

The refusal of a ruling, which singles out one of many facts bearing upon the questions involved, is within the discretion of the trial judge.

Certain rulings held rightly to be refused because incorrect as applied to the circumstances of this case.

WRIT OF ENTRY, dated September 15, 1896, for an undivided half of certain real estate in Lowell.

In the Superior Court the case, at the stage at which it is considered by this court, was heard by *Stevens*, J., upon a motion by the tenant for a stay of judgment, and an assessor's report. By that report it appeared, that the demandant and the tenant were daughters of Mahala C. Laking, who was the owner in fee of the real estate in question on and before February 24, 1890, when she conveyed it on a condition subsequent to Frederick J. H. Laking, her grandson, son of the tenant, reserving to herself a life estate therein ; that Mahala occupied the premises, and received the rents and profits thereof, until her death on March 16, 1896 ; that Frederick, her grandson, died on July 8, 1893, his-mother, the present tenant, inheriting

his estate in the premises; and that Mahala died intestate, leaving the demandant and the tenant as her only heirs. The condition in the deed from Mahala to Frederick, and the nature of the circumstances attending the failure of Frederick or the tenant to perform the condition, are stated in the opinion of the court.

The demandant requested the following rulings:

" First. On all the evidence in this case the tenant is not entitled to have the judgment of forfeiture stayed.

" Second. The condition in the deed of Mahala C. Laking to Frederick J. H. Laking was broken on the failure of Frederick J. H. Laking to pay the note of Mahala and Alfred B. Laking to Hunter until after judgment was obtained thereon against said Mahala and Alfred.

" Third. A stay of judgment of forfeiture for breach of condition in a deed cannot be granted because of a mistake or accident which occurs after the breach.

" Fourth. Evidence of an agreement between Mahala Laking and Frederick J. H. Laking, the tenant, after judgment on the note of Mahala and Alfred B. Laking to Hunter and execution issued thereon relative to the giving of a note and mortgage to raise money to satisfy such execution and to the manner in which such note and mortgage should be paid is inadmissible on a motion to stay a judgment of forfeiture for breach of the condition in the deed of Mahala Laking to Frederick J. H. Laking.

" Fifth. The supposition that the note was for $700 instead of $900, in the absence of any evidence of an offer to pay the former sum until after judgment and execution against Mahala Laking thereon, is not such a mistake as would authorize or justify a stay of judgment of forfeiture for breach of condition in the deed.

" Sixth. The mistake which will authorize a stay of judgment of forfeiture for breach of a condition in a deed must be a mistake of fact, and misapprehension on the part of the tenant or a person to whose title the tenant succeeds as to her or his legal rights or liabilities is not sufficient.

" Seventh. On an application by the tenant in a writ of entry for a stay of judgment of forfeiture for breach of the condition in a deed it is not open to the tenant to show facts which amount to a waiver of the condition after breach, as such waiver would

have been a good defence to the action, and can only be shown at the trial of the writ of entry or on a motion for a new trial."

The judge refused to make any of these rulings, and ruled that on the evidence the tenant was entitled to have the judgment stayed. He made an order that all further proceedings in the case be stayed on payment by the tenant to the demandant, within thirty days, of $422.36, found to be the actual damage, with interest, to the demandant by reason of the failure of the tenant fully to perform the condition in the deed given by Mahala C. Laking to Frederick J. H. Laking, together with the costs of suit. The demandant alleged exceptions.

*F. W. Qua*, for the demandant.

*J. J. Kerwin*, for the tenant.

HAMMOND, J. This was a writ of entry to recover one undivided half of a certain lot of land. After a trial upon the question whether there had been a breach of condition in the deed, dated February 24, 1890, of the whole lot from Mahala C. Laking to Frederick J. H. Laking, under which, as heir to the grantee, the tenant claimed title to the whole, and after a finding by the court in favor of the demandant, the tenant filed a motion offering to pay to the demandant all sums of money which she ought to pay by reason of the failure to perform the condition, and the demandant's taxable costs; and she prayed that all further proceedings be stayed, alleging that the failure to perform the condition was not wilful, but was caused by accident and mistake. Upon this motion the case was referred to an assessor, to ascertain the damages due the demandant and the sum to be allowed the tenant for improvements, also to hear the parties and report to the court whether the failure to perform the condition in the deed "was caused by accident and mistake and was not wilful." His finding on both points was to be subject to revision by the court.

Upon the coming in of the report the demandant moved that it be recommitted, because, against the demandant's objection, the assessor had admitted certain evidence tending to show a waiver by the said Mahala of the breach of the condition, the demandant contending that the question of waiver had already been settled by the finding of the court. This motion

was overruled, and the demandant excepted. It is plain from the report that this evidence was not admitted as bearing upon the question of waiver, but simply as bearing upon the good faith of the tenant in the failure to fulfil the condition, and that it was considered only in the latter view by the assessor. The demandant should take nothing by this exception.

The case was then submitted to the court on the tenant's motion for a stay of judgment and on the assessor's report. The judge refused to give certain rulings requested, and ordered that, upon the payment by the tenant to the demandant of the sum named by the assessor as damages by reason of the failure fully to perform the condition in this deed, together with costs of suit, within a certain time, all further proceedings should be stayed. To the refusal to rule as requested and to the order staying the proceedings the demandant excepted.

The condition in the deed was that the grantee " will assume and pay a certain note which I signed and endorsed, agreeing to pay Dr. H. M. Hunter the sum of seven hundred dollars for the benefit of my son-in-law, Alfred B. Laking, if he, said Alfred B. Laking, should neglect or fail to pay the same." At the date of this deed a note like that described in the condition existed (except that the amount was $900), was outstanding, and had been overdue several years. The note was not paid by the grantee in the deed, and judgment was obtained on it against the grantor; and the judgment was paid in the manner set forth in the assessor's report.

Without rehearsing here in detail the facts reported by the assessor, we think that the judge could properly find thereon that the failure to pay the note was not wilful, but was caused in part by a mistake as to the obligation of those claiming under the deed to pay the particular note upon which the suit was brought, to which mistake the acts of the grantor contributed; and in part to a belief that the breach had been waived by the grantor, to which belief also the acts of the grantor contributed; and that the judge who tried the case was justified in coming to the conclusion that the default was not wilful, but was due to an innocent mistake. *Stone* v. *Ellis,* 9 Cush. 95, and cases therein cited. It follows that the first ruling requested was properly refused.

For reasons hereinbefore stated with reference to the motion

to recommit the report, the second and fourth requests were irrelevant. The seventh was also irrelevant because there was no contention at this stage of the case that there had been a waiver. The fifth singles out one of many facts bearing upon the questions involved, and it was within the discretion of the judge whether it should be given. The second and sixth are not correct statements of the law as applicable to the circumstances of a case like this, where the acts of the grantor have contributed to the failure to perform the condition, or to mislead the tenant. See the cases above cited.

*Exceptions overruled.*