DALTON-INGERSOLL MANUFACTURING COMPANY *vs.*
GEORGE W. GREEN.

Suffolk.     March 15, 1917. — May 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Guaranty. Practice, Civil,* Requests and rulings, Exceptions. *Election. Evidence,* Relevancy.

At the trial of an action upon a guaranty in writing of the payment of balances due upon an open account for the price of goods sold by a dealer in plumbing materials to a builder, where the defendant contends that the goods were not

delivered to the builder but were sold to a plumber, and there is testimony that the goods were delivered to the builder and were not sold to the plumber, the issue of the defendant's liability is for the jury.

An exception to a refusal of the judge presiding at a trial to make a ruling, requested by the excepting party, which relates only to a count of the declaration which was not submitted to the jury, must be overruled.

A creditor by obtaining a judgment against his debtor for the amount of a balance due on an open account does not elect to pursue that remedy to the exclusion of his remedy against one who in writing guaranteed the payment of the balance.

At the trial of an action by a dealer in plumbing materials against one who had guaranteed the payment of a balance which might become due to the plaintiff upon an open account with a certain builder, it appeared that the name of a plumber who was doing the work for the builder appeared upon orders to the plaintiff on the books, and evidence was admitted, subject to exceptions by the defendant, of conversations between the plaintiff, the builder and the plumber, tending to show that the plumber's name was so used in order to give the builder the benefit of wholesale prices, which ordinarily are given to plumbers only.

CONTRACT, with a declaration in four counts, and first and second counts being upon two guaranties in writing of the payment to the plaintiff of balances upon open accounts which H. S. Littlefield Company might owe the plaintiff from time to time. The third count was for an amount alleged to be owed by the defendant to one Oakes, a plumber, which Oakes had assigned to the plaintiff. The fourth count was upon an account annexed including the items in the other three counts. Writ dated September 29, 1911.

In the Superior Court the case was tried before *White*, J. The material evidence is described in the opinion. At the close of the evidence the defendant asked for and the judge refused to give the following rulings:

"2. That there is no evidence of any order of H. S. Littlefield Company for any goods to the plaintiff."

"4. That the defendant's guarantees upon which counts 1 and 2 of the declaration are based do not apply to counts of other parties against Littlefield Company assigned to the plaintiff.

"5. That the plaintiff, having purchased Oakes' account against Littlefield Company and Green, is estopped from claiming the account assigned, or any part of it, to be within the defendant's guarantees.

"6. That the plaintiff, having purchased Oakes' account against Littlefield Company and Green, is estopped from claiming and recovering under counts 1 and 2 of the declaration.

"7. That Oakes' account being against Littlefield Company and Green jointly, the plaintiff has no right of action upon it in this case against the defendant singly.

"8. That the plaintiff having sued, recovered judgment and taken out execution against Littlefield Company on the same cause of action took its election and cannot recover against the defendant in this action.

"9. That any payments made to Oakes on his account shall be applied to the first items of the account.

"10. That the plaintiff having an assignment of Oakes' account against Littlefield Company and Green for work, labor and materials, cannot recover in this action for material only under assignment.

"11. That when payment is made and neither party applies it to any particular item, the law applies it to the oldest items."

"14. That the defendant is not liable under count 1 of the declaration.

"15. That the defendant is not liable under count 2 of the declaration.

"16. That upon all evidence in the case the plaintiff cannot recover."

The case was submitted to the jury upon the first and second counts of the declaration only. There was a verdict for the plaintiff in the sum of $497.27; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. L. Sheehan, H. Dunham & F. W. Miller, Jr.*, for the defendant.

*J. E. Eaton, E. T. McKnight & S. W. C. Downey*, for the plaintiff.

DE COURCY, J. The defendant, being the owner of a house on Bulfinch Street in Boston, arranged with one H. S. Littlefield, a builder, to have substantial alterations made in the building. The necessary plumbing materials were furnished by the plaintiff, a wholesale dealer, and this action to recover the amount due therefor was brought against the defendant on two guaranties signed by him. At the trial the main question was whether the plumbing goods were delivered to the H. S. Littlefield Company, within the meaning of the guaranties. There was ample testimony that they were so delivered, and in reliance on the defendant's guaranties; and that they were not sold on the credit

of the plumber, one Oakes, as the defendant apparently contended. The issue of the defendant's liability on the first and second counts properly was submitted. to the jury.

The defendant's requests numbered 4, 5, 6 and 7, relate to an assignment which Oakes made to the plaintiff of some money alleged to be due to him from Green and the Littlefield Company. As no count based on the assignment was submitted to the jury, these requests were refused rightly. For a like reason those numbered 9, 10 and 11 were rightly denied. The only goods included in counts 1 and 2 were those delivered to the Littlefield Company, in reliance upon the defendant's guaranties; and it does not appear that any payments were made on account of them. As to number 8, the fact, if it is a fact, that the plaintiff has obtained judgment against the Littlefield Company the party primarily liable, plainly could not be ruled as matter of law to be an election by the plaintiff not to hold this defendant. What we have said disposes of all the exceptions to the judge's refusal to give the rulings requested.

There was no error in the admission of testimony. The conversation between Oakes, Littlefield and the plaintiff's president was competent, among other reasons, for the purpose of explaining why the name of Oakes appeared in the orders and on the plaintiff's books. There was evidence that this was in pursuance of an arrangement to give to the defendant the benefit of the wholesale prices, which ordinarily are given only to plumbers.

We find no error in the conduct of the case.

*Exceptions overruled.*