MARY H. FILOON & others *vs.* CITY COUNCIL OF BROCKTON
& another.

Plymouth.    March 25, 26, 1925. — April 21, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Way,* Public: layout. *Practice, Civil,* Moot question. *Certiorari. Words,*
"Location."

St. 1912, c. 340, § 3, providing that the board of highway commissioners
of Brockton "shall have cognizance, direction and control of; (a) the
construction, location, repair and supervision of all streets, ways and
sidewalks . . . all of which powers, rights and duties shall be exercised
exclusively by said board," does not confer upon that board the power
to lay out streets theretofore conferred upon and exercised by the board
of aldermen, the word "location" being limited in its scope to the place
or parts of the street as laid out by the board of aldermen which shall
be worked and adapted to uses for which a public street may be law-
fully used.

Upon a petition for a writ of certiorari to quash proceedings assessing
betterments for the laying out of Legion Parkway in Brockton, it ap-
peared that a plan to which the petition for the layout referred showed
the proposed street one hundred and fifty feet in width, thirty-two feet
of which was designated for sidewalks, forty feet for traffic, sixty feet for
"parking," and seventeen feet for a so-called island, the principal func-
tion of which was alleged by the petitioner to be to facilitate "parking";
that the board of aldermen merely had adjudged that "the common
necessity and convenience of the inhabitants" of the city required the
laying out of such a highway.  The petitioner contended that the
layout "was accomplished for the purpose of providing a place for the
storage of automobiles, and not for the legitimate purpose of a public
way," and that such a layout as a matter of law was beyond the power
of the board. *Held,* that

(1) The question, whether a layout of a public way in part for parking
purposes would have been within the authority of the board of aldermen,
was in this case a moot question;

(2) On a writ of certiorari, the court can consider only errors of law,
if any, on the record when extended;

(3) The decision of the board of aldermen on the issue of public
necessity and convenience was one of fact which was not a subject of
review in the absence of evidence of total lack of judgment or bad
faith, of which here there was no evidence in the mere fact that the
street was laid out one hundred and fifty feet in width.

Upon the above described petition for a writ of certiorari, the petitioner
contended that the "city council had no power to subdivide the peti-

tioners' parcel without their consent, and to impose a lien for assessments upon subdivisions thus created"; and it was *held,* that on the record it must be assumed that it was found by the public authorities that a limited and determinable area received benefit and advantage from the layout and construction of the street in question, and it could not be assumed that the remaining land was damaged so as to affect the benefit to the particular area in whole or in part; and that therefore no action beyond the scope of the provisions of G. L. c. 80, § 1, was shown.

PETITION, filed in the Supreme Judicial Court for the county of Plymouth on February 20, 1924, for a writ of certiorari quashing proceedings of the respondents as to a betterment assessment described in the opinion.

The petition was heard by *Sanderson,* J., upon a return by the respondents, an agreed statement of facts, a motion by the petitioners to strike out portions of the return, and an offer of proof by the petitioners.

The petition preceding the layout requested the board of aldermen "to lay out, grade and construct a public highway from the westerly terminus of Center Street on Main Street, westerly to Warren Avenue, at a point opposite the easterly terminus of Highland Street, . . . said street being shown on a plan and profile on file in the office of the City Engineer of the City of Brockton." The order of the board adjudged "That the common necessity and convenience of the inhabitants of the City require the laying out of a highway extending westerly from Centre Street to Warren Avenue and for that purpose it is necessary to take and lay out as a public street or way of the said City a parcel of land belonging to . . . [certain designated persons]. Said layout of said street is bounded as follows: . . . [then followed a detailed description by courses and distances and edgestone grades]. The land taken is more fully described as follows: . . . [then followed a detailed description of the several parcels of land taken, but not including any land of the petitioners in this proceeding]."

Other material facts are described in the opinion. The single justice denied the motion, excluded the offer of proof, ordered the petition dismissed, and reported the case to the full court for determination.

*P. Nichols,* (*F. S. Moulton* with him,) for the petitioners.

*W. G. Rowe,* (*S. B. McLeod & J. E. Handrahan* with him,) for the respondents.

PIERCE, J. This is a petition for a writ of certiorari, brought by the owners of a certain parcel of land in Brockton against the city council and the board of highway commissioners of the city of Brockton, to quash a betterment assessment levied on portions of the parcel in question for the benefit alleged to have been conferred thereon by the laying out of an alleged public way, called at first "Centre Street Extension" and afterwards "Legion Parkway."

The petitioners contend that the assessments were illegal and void for the following reasons:

"1. The laying out of Centre Street Extension . . . was accomplished for the purpose of providing a place for the storage of automobiles, and not for the legitimate purpose of a public way, and a city or town has no power to expend the public funds for the purpose of providing a place for the storage of automobiles belonging to private individuals, or to assess betterments for the cost of acquiring land and preparing it for use for any such purpose.

"2. The power to lay out streets and to assess betterments is vested by law exclusively in the board of highway commissioners, and the laying out of a street and the assessment of betterments by the city council is void.

"3. The city council had no power to subdivide the petitioners' parcel without their consent, and to impose a lien for assessments upon subdivisions thus created."

We pass the first objection to the legality of the assessment and consider the fundamental question of the power of the city council. By the enactment of St. 1881, c. 192, and by the adoption of the act by the inhabitants, the town of Brockton became a city with a government vested in a mayor, a board of aldermen and a common council, which boards in their joint capacity were denominated city council. Section 26 of its charter relating to its powers to lay out streets, provides "The city council shall have the same powers in relation to the laying out, acceptance, altering or discontinuing of streets and ways, and the assessment of damages,

which selectmen and inhabitants of towns now have by law, all petitions and questions relating to the same, however, being first acted on by the mayor and aldermen."

St. 1912, c. 340, established a board of highway commissioners for the city of Brockton to serve for a term of three years, one to be elected each year. In relation to the authority of the board, § 3 provided that said board "shall have cognizance, direction and control of; (a) the construction, location, repair and supervision of all streets, ways and sidewalks . . . all of which powers, rights and duties shall be exercised exclusively by said board."

The Revised Ordinances of 1899, chapter 5, of the city of Brockton in substance contain the provisions of Gen. Sts. c. 43, relating to the procedure which cities and towns are required to pursue in the laying out of streets and townways. St. 1871, c. 158. Pub. St. c. 49. Rev. Sts. c. 43. Section 40 of the ordinance more particularly provides that "Every petition for the laying out, alteration or discontinuance of a street or way, shall be accompanied by a plan and profile satisfactory to the city engineer"; and § 42 provides, "No street, townway or private way, which may be laid out, altered or discontinued by the mayor and aldermen, shall be established, until such laying out, alteration or discontinuance, with the boundaries and admeasurements of said way, and also the amount of damages which said mayor and aldermen shall determine has been sustained by any persons in their property by such laying out, alteration or discontinuance, shall have been reported to the common council, and accepted and allowed at a regular meeting thereof."

It is agreed that "During many years prior to and up to the passage of St. 1912, c. 340, the procedure pursued by the city of Brockton had been for the city council with the approval of the mayor to pass loan orders, then for the city council with the approval of the mayor to lay out the streets in the manner provided by Revised Ordinances of 1899 above quoted; then for the superintendent of streets under the direction of the committee on highway and fuel to make entry and construct the street which had been laid

out by the city council." In the absence of a provision such as is contained in St. 1870, c. 337, and in St. 1871, c. 158, and in succeeding general and special laws, to the effect that the said street commissioners shall have all the powers now exercised by the selectmen or by the board of aldermen, concerning "the laying out, altering, making, repairing or discontinuing streets, ways, sidewalks, sewers, and drains," the question for decision is, Did the absence of the words "laying out" and the use of the word "location" between the words "construction" and "repair" import a legislative intent to confer upon the street commissioners the powers of the board of aldermen in the matter of the laying out of streets in the city of Brockton, upon the acceptance of St. 1912, c. 340, by the voters of that city? We are of opinion that St. 1912, c. 340, does not confer by the use of the words, "shall have cognizance, direction and control of; (a) the construction, location, repair and supervision of all streets, ways and sidewalks," the power of the board of aldermen of the city of Brockton to lay out streets; and we are of the further opinion that the word "location" in the connection in which it is used is limited in its scope to the place or parts of the street as laid out by the board of aldermen which shall be worked and adapted to uses for which a public street may be lawfully used.

The petitioners' first contention, above quoted, attempts to present for consideration the question of law, whether a town or city may lay out a public street which shall serve as a place for the "parking" of automobiles as well as for purposes which heretofore have been recognized as accordant with law. The argument primarily rests upon the premise that the petition for the laying out of the way, dated June 5, 1922, referred to a plan in the office of the city engineer, dated April 10, 1922, which was prepared by the city engineer for the report of an advisory committee, consisting in part of citizens of the city of Brockton and members of the city council. "This plan showed the proposed street as described in the committee's report, with the portions of both north and south roadways adjacent to the sidewalks, and to the so called island, to a width of fifteen feet in each case,

designated 'Parking' and the middle portions of the north and south roadways respectively, twenty feet in width, designated 'Traffic'; thus, of the one hundred and fifty feet of width, thirty-two feet was reserved for sidewalks, forty feet for traffic, sixty feet for parking, and seventeen feet for the so called island, the principal function of which was to facilitate parking."

The interesting question as to the layout of public streets in part for parking on the evidence in this case is a moot question. The way in fact laid out by the board of aldermen followed a plan and profile in the office of the city engineer, drawn by him, and dated May 17, 1922. It is true, as the petitions allege, that the street was laid out one hundred and fifty feet in width, but it is not true that the plan adopted made any reference to any use of it other than is to be implied from the decision that common convenience and necessity required that Centre Street should be extended from Main to Warren Avenue.

On a writ of certiorari the court can consider only errors of law, if any, on the record when extended. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 212. *Ward* v. *Aldermen of Newton,* 181 Mass. 432. The decision of the board of aldermen on the issue of public necessity and convenience was one of fact which is not a subject of review, *Kingman* v. *County Commissioners,* 6 Cush. 306, in the absence of evidence of total lack of judgment and bad faith, of which here there is no evidence in the mere fact that the street is laid out one hundred and fifty feet in width.

So far as the record discloses, there was no error or illegality in the assessment upon a portion rather than upon the entire area of the petitioners' lot, the betterment act (G. L. c. 80, § 1) providing that, "Whenever a limited and determinable area receives benefit or advantage" the public authorities shall "determine the value of such benefit or advantage to the land within such area and assess upon each parcel thereof a proportionate share of the cost of such improvement." It must be assumed that it was found that a limited and determinable area received benefit and advantage from the layout and construction of the street in question, and it

cannot be assumed that the remaining land was damaged so as to affect the benefit to the particular area in whole or in part.

In the determination of the foregoing opinion no consideration has been given to the return purporting to be an extract from the annual report of the highway commissioners, nor to so much of the return as consists of a statement of the practice in the city of Brockton in the laying out of streets. It follows that the petitioners have suffered no harm through the refusal of the single justice to strike out from the return the parts thereof above referred to. The refusal of the single justice to receive evidence offered in contradiction of the finding that public necessity and convenience required the construction of the street as laid out was right. The fact which it sought to control is not a subject of review in a hearing for a writ of certiorari. *Kingman* v. *County Commissioners, supra.*

*Petition denied.*