SELECTMEN OF WAKEFIELD *vs.* JUDGE OF FIRST DISTRICT COURT OF EASTERN MIDDLESEX.

Middlesex. January 13, 1928.— February 29, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Certiorari. Practice, Civil,* Certiorari proceedings: petition, demurrer. *District Court,* Review of removal under civil service. *Police Officer,* Removal. *Civil Service. Supreme Judicial Court. Words,* "Review," "Justified."

A petition for a writ of certiorari requiring a judge of a district court to certify the record of proceedings before him in a review under § 42B, added to G. L. c. 31 by St. 1923, c. 242, § 1, of action of selectmen of a

town in removing from office a police officer of the town, and that a decision by the judge reversing the action of the selectmen be set aside and the order of the selectmen be affirmed, should not include as an exhibit a copy of a transcript of the proceedings and testimony before the selectmen.

It is permissible practice for the respondent in such a petition for a writ of certiorari to file, besides a return, a demurrer to the petition in order to raise the questions of law, whether the petition sets forth a ground entitling the petitioners to have the records of the respondent certified and his order or decision reversed or quashed, and whether certain matters properly are included in the petition.

Upon a hearing by a judge of a district court under § 42B, added to G. L. c. 31 by St. 1923, c. 242, § 1, of a petition for a review of action by a board of selectmen of a town removing a police officer, the matter is not tried anew as if it were an appeal, and the question to be decided is, whether the entire action of the removing officer or board, and not some part of such action, "was justified," in the sense that it was based upon adequate reasons sufficiently supported by credible evidence when weighed by an unprejudiced mind guided by common sense and by correct rules of law; and, in order for the action of the board to stand upon such a review, the judge, after hearing "any or all of the witnesses" who were heard by the board, must be satisfied that a preponderance of the evidence shows that the board's action "was justified."

At the hearing by the judge above described, all the witnesses who had testified before the board testified and the respondent also read, by consent of counsel, the stenographic report of the hearing before the selectmen. The judge refused to rule that "there was sufficient evidence before the selectmen if believed by them to support their finding of guilty and order of removal." *Held,* that the refusal was proper, as it was in substance and effect a request for a ruling upon a part of the evidence, which a judge could not be required to give.

It was not improper for a single justice of the Supreme Judicial Court, on the same day that he allowed a bill setting forth exceptions of petitioners for a writ of certiorari to an order of the court sustaining a demurrer to the petition, to order that judgment be entered dismissing the petition and to state in that order that it appeared to the court "by the statement of the petitioners' counsel in open court that the petitioners do not desire to amend their petition": such an order, however, must be construed as an order which was to remain in abeyance and was to take effect only if and when the exceptions should be overruled.

It is the practice in the Supreme Judicial Court that judgment in proceedings upon extraordinary and prerogative writs is entered only at such time as is specially ordered by the court.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on August 18, 1927, and afterwards amended, by the selectmen of the town of Wakefield for a writ of certiorari directing the respondent to certify the record of proceedings before him upon a petition for review

of action of the petitioners in removing Hardy F. Russell as a police officer, and that a decision of the respondent reversing that action of the petitioners be set aside and their order of removal be affirmed.

On September 15, 1927, the respondent demurred on the following grounds:

"1. The petition does not set forth any cause for which the court could issue a writ of certiorari.

"2. The petition sets forth no error of law apparent upon the record.

"3. That the refusal of the respondent to rule as requested, to wit, that there was sufficient evidence before the selectmen if believed by them to support their finding of guilty and order of removal, raises no question of law.

"4. Exhibits 'A' to 'H' inclusive are improperly included in and made a part of the petition."

Exhibit "E", referred to in the demurrer, was a full copy of the transcript of the proceedings and testimony before the selectmen.

On September 15, 1927, the respondent also filed a return, material portions of which are stated in the opinion.

On September 29, 1927, the demurrer was heard by *Sanderson, J.,* who ordered it sustained on the second and third grounds and on so much of the fourth ground as related to Exhibit "E". The petitioners alleged exceptions which were allowed on November 3, 1927. On October 19, 1927, a suggestion of the death of William F. Merritt, Esquire, the judge who heard the review, was filed, and on October 28, 1927, Elbridge L. Davis, Esquire, judge of the court, appeared as respondent. On November 3, 1927, also, a motion by the respondent for an order dismissing the petition was allowed, the order stating that "it appearing to the court by the statement of the petitioners' counsel in open court that the petitioners do not desire to amend their petition." On the same day, the petitioners filed a bill of exceptions to that order, which was allowed forthwith.

*M. E. S. Clemons,* (*R. P. Clemons* with him,) for the petitioners.

*G. M. Poland,* (*F. H. Davis* with him,) for the respondent.

RUGG, C.J. This is a petition for a writ of certiorari. Its object is to set aside a decision rendered by the respondent upon a petition for review under § 42B, added to G. L. c. 31 by St. 1923, c. 242, § 1, whereby the action of the selectmen of the town of Wakefield in removing a police officer of that town from the police force was set aside. The return of the respondent sets forth the extended record of the petition for review. It there appears that at the hearing upon said petition, "Both parties introduced the testimony of witnesses, and by agreement of counsel the stenographic record of the testimony given at the hearing before the board of selectmen on the charges . . . was submitted to the court and was considered with the other evidence in the case." The finding of the judge was in these words: ". . . this court has reviewed the action of said board as above set forth, has heard all the witnesses, and, by agreement of counsel has read the stenographer's report of said hearing before said board and determines, upon all the evidence, that the action of said board in finding the petitioner guilty of" several specified charges made in writing, and "in the removal of the petitioner as a police officer of the town of Wakefield, was not justified; that the decision at said hearing be and hereby is reversed and the petitioner . . . be reinstated in his office of police officer of the town of Wakefield, without loss of compensation."

By way of further answer, the respondent alleged in his return that the copy of the testimony given before the selectmen at the hearing on the written charges annexed to the petition was no part of the present record and was improperly included in the petition.

The petition ought not to have included as an exhibit transcript of the evidence taken at the hearing before the selectmen. The function of a writ of certiorari is to bring to the supervising court the true record of the inferior tribunal properly extended in order that errors of law may be considered. The writ can issue only to correct errors of law apparent on the face of the record when properly extended. Questions of fact are not subject to review. Matters purely evidentiary in nature have no proper place in a petition for

a writ of certiorari. *Mayor of Medford* v. *Judge of the District Court,* 249 Mass. 465, 468, and cases there collected. *Filoon* v. *City Council of Brockton,* 252 Mass. 218, 223. *Commissioner of Public Works of Quincy* v. *Judge of the District Court,* 258 Mass. 444. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, and cases there collected. It is only in the extremely narrow class of cases where the respondent sets up extraneous facts to show that justice does not require the issuance of the writ, that there can be a hearing upon facts before the single justice. *Ward* v. *Aldermen of Newton,* 181 Mass. 432. *Byfield* v. *Newton,* 247 Mass. 46, 53. *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160, 171.

Besides making a return of a true record of all his proceedings on the petition for review, extended so as to show the principles followed in making his decision, the respondent also filed a demurrer. This was permissible practice. *Worcester & Nashua Railroad* v. *Railroad Commissioners,* 118 Mass. 561, 564. *Marcus* v. *Commissioner of Public Safety,* 255 Mass. 5, 8.

The case was heard on the demurrer by a single justice, who entered an order sustaining the demurrer on the grounds that there was no error of law apparent on the record and that no question of law was raised by the refusal of the respondent to rule that there was sufficient evidence before the selectmen, if believed by them, to support their findings and order for removal. Exception to that order brings the case here. *Channell* v. *Judge of the District Court,* 213 Mass. 78. This constitutes the first bill of exceptions.

The statute respecting review by a judge of a district court of the removal by an executive officer or board of a police officer holding an office classified under the civil service rules, in any city except Boston or in any town, is now St. 1923, c. 242, § 1. It there is provided by that part of said § 1 designated § 42B that, upon petition brought by the police officer who has been removed, the judge of the district court "shall review such action" of the officer or board making the removal, "hear any or all of the witnesses and determine whether or not upon all the evidence such action was justified. If the court finds that such action was justified, the decision

at the hearing shall be affirmed; otherwise it shall be reversed and the petitioner shall be reinstated in his office without loss of compensation. The decision of the court shall be final and conclusive upon the parties." The jurisdiction thus conferred is purely statutory. It does not exist at common law. *Barnes* v. *Mayor of Chicopee,* 213 Mass. 1. *Driscoll* v. *Mayor of Somerville,* 213 Mass. 493. The words of the enabling statute, therefore, constitute the rule by which judges of district courts must be guided in exercising the powers imposed. The requirement still is as heretofore to "review" the action of the removing officer or board as that word has been defined in earlier decisions. The matter is not to be tried anew as if it were an appeal. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 547, 548. *Mayor of Medford* v. *Judge of the District Court,* 249 Mass. 465, 471. The words of said § 42B, already quoted, mean that the question to be decided in each case is whether the entire action of the removing officer or board and not some part of such action "was justified." In this connection "justified" means done upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law. The action of the officer or board making the removal can stand under these statutory words only after an affirmative finding by the court in the exercise of sound judicial judgment upon all the evidence that such action "was justified." This imports that the preponderance of proof on all the evidence must support the conclusion that such action "was justified." The greater amount of credible evidence must in the mind of the judge be to the effect that such action "was justified," in order that he may make the necessary finding. If the court is unable to make such affirmative finding, that is, if on all the evidence his mind is in an even balance or inclines to the view that such action was not justified, then the decision under review must be reversed. The review must be conducted with the underlying principle in mind that an executive action, presumably taken in the public interest, is being reëxamined. The present statute is different in phrase and in meaning and effect from G. L. c. 31, § 45, and its prede-

cessors (now found in St. 1925, c. 220, § 3), where the court was and is required on review to affirm the decision of the removing officer or board, "unless it shall appear that it was made without proper cause or in bad faith." That was the statutory rule established for the action of the district courts under consideration in *Commissioner of Public Works of Boston* v. *Judge of the Municipal Court*, 228 Mass. 12, 16, *Murray* v. *Justices of the Municipal Court*, 233 Mass. 186, *Mayor of Medford* v. *Judge of the District Court*, 249 Mass. 465. At the hearing before the respondent under said § 42B, "any or all of the witnesses" heard by the removing board might be called to testify. According to the return, "all the witnesses" testified before the respondent. This procedure and the statutory rule for judicial conduct are different from those under consideration in *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, where the reviewing magistrate was to make "a review of the charges, of the evidence submitted thereunder and of the findings."

Included in the return of the respondent were numerous requests for rulings presented to him in behalf of the selectmen. One was to the effect that "there was sufficient evidence before the selectmen if believed by them to support their finding of guilty and order of removal." This request alone was denied. This refusal to rule presents no relevant question of law. The request was not pertinent to the issue to be tried by the respondent acting under the rule established for his guidance by said § 42B, as already interpreted. All the witnesses who had testified at the hearing on the charges before the selectmen were also called and testified at the hearing upon the petition for review before the respondent. Although the respondent also read, by consent of counsel, the stenographic report of the hearing before the selectmen, that was only a part of the evidence before him. He saw all the witnesses and heard them testify face to face. It was his duty to determine for himself, by the use of his judicial faculties, who were trustworthy and credible and who were not. It was for him to decide, on all the evidence and not upon any part of it separated from the rest, whether the action of the selectmen was justified. There was there-

fore no error in the denial of the ruling requested, because it related to a matter immaterial to the issue on trial. *Laking* v. *French*, 183 Mass. 9, 13. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 386. *Dalton-Ingersoll Manuf. Co.* v. *Green*, 227 Mass. 120, 123. It was in substance and effect a request for a ruling upon a part of the evidence, which a judge cannot be required to give. *Shattuck* v. *Eldredge*, 173 Mass. 165, 168. *Ayers* v. *Ratshesky*, 213 Mass. 589, 593. *Neelon* v. *Hirsh & Renner, Inc.* 255 Mass. 285, 290.

There is nothing in the present record to warrant the opinion that the respondent did not follow correct principles of law in making his determination upon the petition for review. No error of law is apparent upon the extended record as returned.

The order sustaining the demurrer was filed on September 29, 1927. Exceptions were seasonably claimed and a bill of exceptions was filed on October 13, 1927. Suggestion of death of the original respondent as having occurred on October 13, 1927, was filed on October 19, 1927, and the present respondent was substituted as a party by order of court filed on October 28, 1927. Thereafter, on November 3, 1927, the bill of exceptions already filed was allowed. On the same day a motion for order for judgment was filed and on this motion was entered an order that judgment be entered dismissing the petition. It was recited in that order that the counsel for petitioners had stated in open court that they did not desire to amend their petition. The petitioners excepted to the entry of this order, and embodied it in a bill of exceptions, which was duly allowed. This constitutes their second bill of exceptions. Ordinarily an order for judgment in these circumstances would be unnecessary, if not inappropriate. The case could not go to judgment and the court was without power to enter judgment while the exceptions were pending. *Sullivan* v. *Roche*, 257 Mass. 166, 169. However, in the case at bar there was at that time nothing on the record to show that the petitioners might not desire to amend their petition, if the exceptions should be decided adversely to them. It is difficult to imagine how, in certiorari, where a full and extended record has been re-

turned, as in the case at bar, there could be any further question raised by amendment to the petition if the exceptions of the petitioners, as set forth in their first bill of exceptions, should be overruled. Nevertheless, it was not improper to put upon the record of the court a definite denial by the petitioners of any desire to amend. That might be done by an order of the nature here entered, which must be construed as an order which was to remain in abeyance and was to take effect only if and when the first bill of exceptions should be overruled. The case thus was rendered on the record unequivocally ripe for final judgment immediately upon and after the disposition of the bill of exceptions then pending. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545.

The entry of such an order on November 3, 1927, which was on Thursday, in respect to form, was in accordance with Common Law Rule 8 (1926) of this court. It is the practice in the Supreme Judicial Court that judgment in extraordinary and prerogative writs is entered only at such time as is specially ordered by the court.

*Both bills of exceptions overruled.*