Connolly, Thomas E., J.
This case concerns a Ch. 31, §44 and Ch. 30A, §14 appeal by the plaintiff, Boston Police Department, from a decision of the Massachusetts Civil Service Commission (“Commission") issued on June 2, 2009 indicating that the Boston Police Department (“Department”) did not establish by a preponderance of the evidence on the record that it had reasonable justification to bypass Kevin O’Loughlin (“O’Loughlin”) for appointment as a Boston Police Officer.
The Commission ordered that:
1. O’Loughlin’s name be placed at the top of eligibility list for original appointment so that his name appears at the top of any current certification and list and/or the next certification and list from which *516 the next original appointment to the position of police officer in the Department will be made.
2. That when and if O’Loughlin is selected for appointment and commences employment as a police officer in the Department, his civil service records shall be retroactively adjusted to show, for seniority purposes only, as his starting date, the earliest Employment Date of the other persons employed from Certification #70048 (June 25, 2007).
3. That the Department may elect to require O’Loughlin to submit to an appropriate psychiatric and medical screening in accordance with current Department policy “but that such screening shall be performed, de novo, by qualified professional(s) other than Dr. Scott or Dr. Read, the Department’s doctors.”
The plaintiff, Boston Police Department, filed this civil action against Kevin O’Loughlin and the Massachusetts Civil Service Commission under Ch. 31, §44 and Ch. 30A, §14 appealing the Commission’s decision, seeking to have said decision vacated and the Department’s original decision of bypassing O’Loughlin on the list for appointment as a Boston Police Officer affirmed.[1]
The Department moved to stay enforcement of the Commission’s decision, which motion was granted without opposition.
Subsequent to the Court granting the stay, O’Loughlin on May 24, 2010 sent an affidavit to the defendant, the Commission, indicating that he no longer wanted to be considered for appointment to the Department. Based on O’Loughlin’s affidavit, the Commission argues that the defendant’s appeal is now moot and therefore should be dismissed.
The Commission has filed with the Court the subject affidavit from O’Loughlin and in the present motion seeks the dismissal of this civil action stating that:
O’Loughlin no longer wishes to be considered for appointment to the Boston Police Department . . . Accordingly, O’Loughlin is content to allow the March 2010 Order staying the effect of the Commission’s decision to remain in place indefinitely . . . Therefore, this controversy is now moot.
The Department in turn objects to the mootness arguments, because the underlying orders by the Commission are still left standing, and at any time the stay of the Commission orders may be sought to be lifted. If such an opportunity or chance exists, this case is not moot and may proceed along its usual course. The statute (e.g. Ch. 30A, §14) provides an appeal from a final decision of an agency “shall be instituted in the Superior Court” and “the action shall ... be commenced in the court within thirty days after notice of the final decision of the agency . . .”
To enter a final order in this case that allows “the March 2010 order staying in effect with the Commission’s decision to remain in place indefinitely” does not resolve this dispute. It leaves the subject matter of this case undecided, and leaves for its possible return at any time. The Department wishes a resolution of these issues. Ch. 30A, §14 gives the Department the right to have the issues decided now and wishes to go forward with the case on a Ch. 30A, §14 non-evidentiaiy hearing. This case is not moot. “[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome.” Blake v. Massachusetts Parole Board, 369 Mass. 701, 703 (1976). By no means could this case be considered moot given the resolution suggested by the Commission: “[T]o allow the March 2010 order staying the effect of the Commission’s decision to remain in place indefinitely.”
Further, the Department has included in its Memorandum an issue concerning the 22 bypass appeals that have taken place in the last year and a half. The Department has been unsuccessful in 16 of the 22 bypass appeals it has litigated before the Commission. The Department suggests a bias by the Commission against the Boston Police Department. See: The Department’s Opposition to the Defendant’s Motion to Dismiss for Mootness, p. 5, n. 2. “It is the Police Commissioner, not the Commission, that has the au-thoriiy to determine the reasons that deem a candidate suitable or unsuitable as a Boston Police Officer . . . The Department has the discretion to bypass candidates on the list provided it has a legitimate reason for doing so . . . after all, it is the Appointing Authority that must assume the risk and liability of its employees. Department’s Opposition to Defendant’s Motion to Dismiss for Mootness, p. 7 . . . The Department has an interest in hiring the most qualified candidates who maintain public safety . . . The Department has the discretion to bypass candidates on the list provided it has a legitimate reason for doing so.” Id. p. 7.
In light of the Court’s ruling that the issues in this case as it presently stands are not moot, the Court need not reach this last issue.
ORDER
After hearing and review of all submissions and the entire file, Defendant, Massachusetts Civil Service Commission’s Motion to Dismiss Complaint as Moot is DENIED.

 The decision of the Commission, here authored by Commissioner Daniel M. Henderson and dated May 29, 2009, is forty-four pages in length. The sole issue before the Commission was:
Whether on the basis of the evidence before it, the appointing authority (here the Boston Police Department) has sustained its burden of proving that there was reasonable justification for the action (here the bypass of Kevin O’Loughlin) taken by the appointing authority.
Cambridge v. Civil Service Commission, 43 Mass.App.Ct. 300, 303 (1997).
*517 “Justified” in the context of review, means “done upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind guided by common sense and by correct rules of law.” Selectmen of Wakefield v. Judge of First District Court of Eastern Middlesex, 262 Mass. 477, 482 (1928).
The Appeals Court and the Superior Court has indicated to the Civil Service Commission what its role is and what its role is not on appeals by a candidate who was bypassed by an appointing authority, here the Boston Police Department.
Where an appeal from an action by the appointing authority is brought before the Commission, the Commission does not have the authority “to substitute its judgment about a valid exercise of discretion based on merit or policy considerations by an appointing authority ... In the task of selecting public employees of skill and integrity, appointing authorities are invested with broad discretion. ” Cambridge v. Civil Service Commission, 43 Mass.App.Ct. 300, 304-05 (1997); Town of Burlington v. James McCarthy, 60 Mass.App.Ct. 914-15 (2004).
“In making that analysis, the commission must focus on the fundamental purpose of the civil service system — to guard against political considerations, favoritism, and bias in governmental employment decisions, including, of course, promotions, and to protect efficient public employees from political control . . . When there are, in connection with personnel decisions, overtones of political control or objectives unrelated to merit standards or neutrally applied public policy, then the occasion is appropriate for intervention by the commission. It is not within the authority of the commission, however, to substitute its judgment about a valid exercise of discretion based on merit policy considerations by an appointing authority ... In the task of selecting public employees of skill and integrity, appointing authorities are invested with broad discretion.” Boston Police Department v. Munroe, Superior Court C.A. No. 01-725, 2002 WL 445086 (2002) [14 Mass. L. Rptr. 446]; Cambridge v. Civil Service Commission, 43 Mass.App.Ct. 300, 304-05 (1997).
Or, as stated in Town of Burlington v. James McCarthy, 60 Mass.App.Ct. 914-15 (2004):
We emphasize again, as in Cambridge that in reviewing employment actions of appointing authorities, the role and jurisdiction of the commission is to determine whether the appointing authority has sustained its burden of proving that there was reasonable justification for the employment action. It is not for the commission to assume the role of super-appointing agency, and to revise those employment determinations with which the commission may disagree.