NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1460

PAUL DEFARIAS

vs.

CIVIL SERVICE COMMISSION & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Paul DeFarias, appeals from a judgment of the Superior Court affirming the decision of the Civil Service Commission (commission) that the city of Gloucester (city) had reasonable justification to bypass DeFarias for a firefighter position.  On appeal, DeFarias argues that because of flaws in the city's background investigation, the commission erred by finding that there was reasonable justification to bypass him. We affirm.

Background.  "We summarize the relevant facts found by the commission and supported by substantial evidence, supplemented with facts contained in the administrative record and consistent

_____

[1] City of Gloucester.

with the commission's findings."[2]  Boston Police Dep't v. Civil Serv. Comm'n, 483 Mass. 461, 463 (2019).

In March 2022, the city posted four vacancies for firefighter and paramedic positions in the city's fire department.  On March 30, 2022, the Commonwealth's human resources division certified a ranked list of twenty-two eligible applicants; DeFarias was ranked sixteenth.  Five eligible applicants, including DeFarias, visited the city's offices, signed a copy of the candidate list, and collected the application materials.  At the time DeFarias applied for the firefighter and paramedic position, he was approximately twenty-four years old and was a licensed emergency medical technician (EMT) and paramedic.  He had also performed EMT or firefighting work for several employers prior to applying to the city.

The city's mayor has the ultimate authority to appoint fire department personnel, but it was the mayor's practice to adopt the hiring recommendations of the city's fire chief, Eric Smith.  Smith in turn relied on the city's police department to conduct background investigations of applicants for fire department positions.  Lieutenant Michael Williams and Detective Jonathan Trefry conducted the background investigation of DeFarias.

_____

[2] Here, the commission adopted the findings of a magistrate from the Division of Administrative Law Appeals, who had conducted an evidentiary hearing after referral of DeFarias's appeal by the commission.

2

Throughout the course of their investigation, the detectives corresponded with eight other police departments to collect police records relating to DeFarias, and they verified his educational history through correspondence with two high schools he had attended. The detectives also spoke by telephone to six of DeFarias's prior employers and to three of his personal references. The detectives did not run criminal history and driving history checks as part of DeFarias's background investigation, despite it being their normal practice to conduct such checks.[3]

Much of the information the detectives collected was positive. DeFarias's personal references praised him as a model student, a "straight arrow," and a hard worker. His supervisor at Zartech, where DeFarias is a fabrication shop technician, stated that DeFarias is mature, honest, and generally an "outstanding guy." In addition, the chief of the volunteer fire department of Montverde, Florida, where DeFarias served as an on-call volunteer firefighter in early 2017, reported that DeFarias was well liked, exhibited good attendance, and had a positive work ethic.

---

[3] The magistrate found that the reason for this departure was unknown. We note that DeFarias included a driving history record in his application.

DeFarias has performed EMT or firefighting work for three employers in Massachusetts:  Cataldo Ambulance Service (Cataldo), Beauport Ambulance Service (Beauport), and the Lynnfield fire department (Lynnfield).  Each of these employers provided the detectives with "partly negative reviews" of DeFarias.  It is undisputed that Cataldo terminated DeFarias, although the circumstances of the termination were "hazier."[4] Beauport terminated DeFarias due to his "repeated clinical errors" and "personality conflicts" between him and his coworkers.  Similarly, a captain at Lynnfield stated that he was disinclined to hire DeFarias in the future because DeFarias had "trouble catching on" and had "a few issues with peers." Nonetheless, the captain liked DeFarias, praised his work ethic, and suggested that the city should "give him a shot."

Members of the city's fire department interviewed the candidates before the background investigations were complete; DeFarias interviewed with Smith and two other officers.  Smith was not satisfied with DeFarias's account of the circumstances surrounding his separation from employment with Cataldo.  Smith also told DeFarias that his background investigation was ongoing

_____

[4] DeFarias was suspended pending an investigation into a complaint about an interaction with a patient.  The magistrate found that DeFarias was terminated because he did not leave the premises promptly after being suspended and instead demanded documentation about his suspension.

and invited DeFarias "to make any additional remarks that might anticipate the investigation's findings."

Williams provided to Smith an investigation report dated April 19, 2022, which only summarized the negative information that Williams and Trefry had obtained regarding DeFarias's work for Cataldo, Beauport, and Lynnfield.  On the basis of that information, Williams recommended against hiring DeFarias.

Smith reviewed Williams's investigation report and adopted his recommendation not to hire DeFarias.  The city ultimately appointed three candidates, including one ranked lower than DeFarias.  The city sent a bypass letter to DeFarias, explaining that he would not be hired because a reference check revealed that he had been terminated or allowed to resign from positions with prior employers due to "poor attendance; issues and poor demeanor with coworkers; and the inability to learn quickly and show progress."

Discussion.  An appellate court "review[s] the commission's decision under G. L. c. 31, § 44," Boston Police Dep't, 483 Mass. at 469, and it "will be upheld unless it is 'unsupported by substantial evidence[,] . . . arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law."  Id., quoting G. L. c. 30A, § 14 (7).  "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Boston Police Dep't, supra,

5

quoting G. L. c. 30A, § 1 (6).  "The party appealing bears a
heavy burden because we give due weight to the experience,
technical competence, and specialized knowledge of the
commission" (quotations and citation omitted).  Spencer v. Civil
Serv. Comm'n, 479 Mass. 210, 215 (2018).  "This standard of
review is highly deferential to the agency on questions of fact
and reasonable inferences drawn therefrom."  Brackett v. Civil
Serv. Comm'n, 447 Mass. 233, 242 (2006), quoting Flint v.
Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992).

DeFarias rightly highlights the significant problems with
the city's background investigation.  Neither Williams nor
Trefry ever requested DeFarias's personnel files from any of his
prior employers.  Moreover, both the investigation report and
the bypass letter claimed that DeFarias had poor attendance at a
former employer, which is inaccurate.  Williams did not include
in his report the positive information that the detectives
collected.  In other words, the investigation report presented
to the fire chief was not "reasonably thorough."  Sherman v.
Randolph, 472 Mass. 802, 813 n.18 (2015).  In addition, because
the interview took place while the background investigation was
ongoing, DeFarias did not have an opportunity to address the
negative findings.  Equally troubling is the city's failure to
produce the detectives' investigation file until after the

6

evidentiary hearing before the magistrate, despite multiple requests from DeFarias's attorney prior to that hearing.

In the future, we expect the city to conduct a thorough and unbiased investigation and write a report that includes both positive and negative findings before the interview to allow the candidate to address negative findings during the interview. But that is not the issue before us. Although the background investigation was flawed, we must evaluate whether there was substantial evidence that (1) "the appointing authority had a reasonable justification on the merits for deciding to bypass" DeFarias, and (2) "the flaws in the selection process are not so severe that it is impossible to evaluate the merits from the record." Sherman, 472 Mass. at 813. A bypass decision is reasonably justified when it is made with "adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law." Brackett, 447 Mass. at 241, quoting Selectmen of Wakefield v. Judge of First Dist. Ct. of E. Middlesex, 262 Mass. 477, 482 (1928).

Here, under the Sherman framework, we are constrained to conclude that -- despite the city's flawed investigation -- there was substantial evidence to justify the city's bypass of

DeFarias.[5]  We agree with the commission that the evidence of concern by three of DeFarias's former employers at relevant work experiences provided the city adequate reason not to hire him.[6] Even if the city properly considered the positive aspects of DeFarias's professional history, the negative aspects nonetheless raised legitimate doubts about his suitability for a firefighter position with the city.  See Sherman, 472 Mass. at 813 n.18 ("appointing authority may rely upon credible anecdotal evidence of job performance concerns to form the basis of a

_____

[5] Because the commission had access to the positive information in the detectives' investigation file, along with the investigation report and witness testimony, the flaws in the background investigation did not make it "impossible to evaluate the merits from the record."  Sherman, 472 Mass. at 813.

[6] To the extent DeFarias contends that the bypass decision was unsupported by substantial evidence because the information pertaining to his relevant work experience was based on unreliable hearsay, we disagree.  The commission credited the testimony of Williams and Trefry, and their testimony is generally supported by the administrative record.  See Embers of Salisbury, Inc. v. Alcoholic Beverages Control Comm'n, 401 Mass. 526, 530 (1988) (hearsay may constitute substantial evidence in administrative proceeding if it presents "indicia of reliability and probative value").

reasonable justification for bypass, so long as its decision satisfies basic merit principles").

Judgment affirmed.

By the Court (Blake, C.J.,
  Henry & Hershfang, JJ.[7]),

Clerk

Entered:  May 26, 2026.

---

[7] The panelists are listed in order of seniority.