NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-49

WINDROCK TRUST COMPANY, LLC, trustee,[1]

vs.

JONATHAN HEDLUND & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Windrock Trust Company, LLC, as trustee of the Oak Ridge Realty Trust IX (Oak Ridge), filed this certiorari action in 2018 seeking to compel the Lincoln Conservation Commission (LCC) to act with respect to the then-proposed building of a horse barn and paddock at 21 Sunnyside Lane in Lincoln.  The defendants, Jonathan and Holly Hedlund, are the owners of 21 Sunnyside Lane.  Oak Ridge is an abutter.  After a site visit and a hearing in December of 2017, the LCC determined that the proposed building was not within a 100-foot buffer zone

---

[1] Of the Oak Ridge Realty Trust IX.

[2] Holly Hedlund and the town of Lincoln Conservation Commission.

from any wetland, while only a small portion of the paddock was within such a buffer zone, and issued a "Negative Determination of Applicability" (NDA) under the local and State wetlands laws. Oak Ridge claims that the horse barn and paddock were within a 100-foot buffer zone, and that the LCC accordingly was bound to take enforcement action under its town bylaws.

A Superior Court judge rejected Oak Ridge's certiorari action and granted judgment for the defendants. The judge correctly focused on the record before the LCC at the time it issued its NDA in 2018, noting that the 2018 administrative record contained no evidence that the proposed barn and paddock were situated materially within the 100-foot buffer zone -- and indeed, that the plaintiff's own expert had agreed with the wetlands delineation relied upon by the LCC in its determination. On appeal the plaintiff raises various claims of error, but its principal point seems to be that years after the LCC's decision, the plaintiff commissioned another wetlands delineation of the area, which showed that the paddock was fifty-six feet from wetlands at its closest point. The plaintiff further contends that in 2021 the DEP agreed with the plaintiff's new delineation. Although the plaintiff asserts that various errors flowed from the judge's refusal to consider this new evidence, we are not persuaded that the judge erred. In fact, we are of the view that the appeal is frivolous. We

accordingly affirm, and award attorney's fees under Mass.
R. A. P. 25, as appearing in 481 Mass. 1654 (2019).

Background and Discussion. As to the LCC's 2018 NDA
decision, the plaintiff does not contest the principle that on
certiorari review, we would ordinarily evaluate the LCC's
decision based upon the record that was before the LCC at that
time. See Bielawski v. Personnel Adm'r of the Div. of Personnel
Admin., 422 Mass. 459, 464 (1996). Indeed, "[t]he relief sought
in an action in the nature of certiorari is 'to correct
substantial errors of law apparent on the record adversely
affecting material rights of the parties,'" and "[o]ur function
in reviewing an appeal of a decision in a certiorari proceeding
is a limited one. In the absence of substantial legal error, we
review the record to determine whether that decision was
supported by substantial evidence" (citations and alterations
omitted). Durbin v. Selectmen of Kingston, 62 Mass. App. Ct. 1,
5 (2004), quoting Cambridge Hous. Auth. v. Civil Serv. Comm'n, 7
Mass. App. Ct. 586, 587 (1979).

The plaintiff first argues that the LCC erred because the
wetland delineation that was provided to the LCC prior to its
2018 determination did not comply with the Massachusetts
Wetlands Regulations, 310 Code Mass. Regs. § 10.55(2)(c) (2014).
They argue:

3

"There are absolutely no facts in the Administrative Record that the LCC reviewed any BVW [Bordering Vegetated Wetlands] data from the Hedlund or Wang Properties pursuant to 310 CMR 10.55(2)(c)2 including submissions on a MassDEP 'Bordering Vegetated Wetland Determination Form 2 ("MassDEP BVW Data Sheet")' . . . or something similar to provide the requisite evidentiary support for the delineation depicted on the 2015 and 2017 Hedlund Plot Plans . . . that were used by the LCC to render their Negative RDA Decision."

The problem with this argument is that the plaintiff has not cited any law that suggests that the LCC contravened § 10.55(2)(c). That regulation defines the boundary of "Bordering Vegetated Wetlands" by reference to the type of vegetation found there, and then states that, under certain circumstances, "credible evidence shall be submitted by a competent source demonstrating that the boundary of Bordering Vegetated Wetlands [meets the definition]." 310 Mass. Code Reg. § 10.55(2)(c). As to credible evidence, here the LCC had before it certified plot plans displaying the wetlands delineation. The LCC also reviewed the Geographic Information Systems National Heritage and Endangered Species Program Priority Habitat map, an online map, for the site. The LCC conducted a site visit, and reviewed the site against the maps. Experts retained by both the Hedlunds and Oak Ridge were present at the site visit. The LCC concluded that only a small portion of the paddock would be within 100 feet of the nearest wetland. It reported -- and the judge found -- that both experts present at the site agreed with the wetlands delineation relied upon by the

4

LCC.  This record provides more than sufficient "evidentiary support" for the LCC's decision, inasmuch as we owe deference to the LCC's implicit determination that this constituted credible evidence from a competent source as to the boundaries of the wetland and the location of the proposed building.  See Revere v. Massachusetts Gaming Comm'n, 476 Mass. 591, 605 (2017) ("The standard of review for a certiorari action should be extremely deferential to the commission").

The plaintiff appears to suggest that the mapping itself did not comply with § 10.55(2)(c).  But it points to no authority for this -- it points to no language in § 10.55(2)(c) that it claims the LCC contravened, even when pressed at oral argument.  Nor does the plaintiff suggest that this argument of regulatory noncompliance was made to the LCC.  Inasmuch as the LCC's decision was well supported by the record before it in 2018, there is no basis to reverse the LCC on certiorari review.[3]

The plaintiff also argues, however, that the judge erred in refusing to reopen the administrative record so that the

---

[3] Furthermore, we note that contrary to plaintiff's contention, the LCC regulations do not prohibit all building within the 100-foot buffer zone surrounding a wetland.  Rather, the regulations state that "the Commission may require all permanent structures to remain outside the Upland Buffer Zone Resource Area [lands within 100 feet of Wetland Resource Areas]."  Conservation Commission Regulations of the town of Lincoln, §§ 7.1, 7.8 (2017).

5

plaintiff could enter the alleged evidence of its new delineation, which post-dates the LCC's decision by well over one year.  The plaintiff suggests various procedural vehicles by which the judge should have done this, but none of them has merit.  The plaintiff argues, for example, that the judge should have allowed the introduction of new evidence by analogy to G. L. c. 30A, § 14 (6), which addresses the taking of additional evidence in connection with chapter 30A review of administrative decisions.  Section 14 (6) states in pertinent part:

> "If application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material to the issues in the case, and that there was good reason for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper" (emphasis added).

We need not pause to consider whether § 14 (6) even applies (by analogy or by Superior Court Standing Order 1-96 [2020]) in the certiorari context -- the judge ruled it did not -- because the argument is meritless.  By its terms, § 14 (6) requires the proponent to show "good reason" why the evidence in question was not presented to the administrative body.  The plaintiff has not done this.  The plaintiff had an expert in 2017, yet it has offered no reason why it could not have prepared and presented their later-developed maps to the LCC at the time it considered the issue in 2018.  Indeed, the plaintiff has not even addressed

6

the "good reason" issue in its briefs.  Put differently, the plaintiff's argument here is that on certiorari review the judge was required to reopen the administrative record to consider new evidence, even though that evidence apparently could have been developed in 2017 and presented to the LCC, but was not, and even though the plaintiff's own expert participated in the

evaluation conducted by the LCC in 2017 and agreed with the delineation.  That argument is without legal basis.[4,5]

Judgment affirmed.

By the Court (Englander,
Hershfang & Brennan, JJ.[6]),

*Paul Little*

Clerk

Entered: January 24, 2025.

---

[4] We note that the plaintiff appealed the LCC's decision to the Massachusetts Department of Environmental Protection (MassDEP), and that MassDEP issued a Negative Superseding Determination of Applicability, and upheld the LCC's decision -- even though MassDEP had before it the later-prepared new delineation.

[5] We conclude that the plaintiff's other arguments are also frivolous, and accordingly award reasonable appellate attorney's fees to the defendants pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019).  The defendants shall file with this court and serve on the plaintiff a submission detailing and supporting the amount of their attorney's fees and costs incurred on appeal, in accordance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004).  The defendants shall file their submission within fourteen days of the issuance of the decision in this case.  The plaintiff will have fourteen days thereafter to file a response.

In light of our ruling as to attorney's fees, no further action is required with respect to the defendants' "Motion for Attorney's Fees" and the plaintiff's opposition thereto and "Motion to Strike Appellee's Motion for Attorney's Fees and Sanctions."

[6] The panelists are listed in order of seniority.